

**Greg R. Mansell**
Direct Dial: (614)796-4325
Email: Greg@MansellLawLLC.com
Admitted in New York

September 6, 2023

**Via ECF**
The Honorable J. Paul Oetken, U.S.D.J.
U.S. District Court,
Southern District of New York
40 Foley Square
New York, NY 10007

      Re: *Rathod v. Wellington Physical Therapy and Acupuncture PLLC et al* - Case No. 1:23-cv-03276-JPO

Dear Judge Oetken:

      This law firm represents Plaintiff Vinita Rathod in the above-referenced matter.

### I.    Procedural Background

      Plaintiff Rathod filed this lawsuit against Wellington Physical Therapy and Acupuncture PLLC ("Wellington") and Nikki Yu ("Yu") on April 19, 2023. (ECF Doc. No. 1). Defendant Wellington and Defendant Yu were properly served and Answers were due on May 19, 2023 and May 25, 2023, respectively. (ECF Doc. Nos. 7-8). On May 25, 2023, Defendants appeared through counsel and requested an extension to move, answer, or otherwise respond to the complaint on or before July 18, 2023. (ECF Doc. No. 10) Plaintiff did not oppose the extension and the Court granted the extension. (ECF Doc. Nos. 10-11) On July 13, 2023, additional counsel made an appearance on behalf of Defendants. Defendants requested an additional extension to move, answer, or otherwise respond to the complaint on or before August 14, 2023. (ECF Doc. No. 14) Again, Plaintiff did not oppose the extension and the Court granted the extension. (ECF Doc. No. 15) Defendants did not request any additional extensions from the Court on or before August 14, 2023.

      On August 14, 2023 Defendants filed a letter motion requesting a pre-motion conference on Defendants' anticipated motion to dismiss. According to Your Honor's Individual Rules and Practices in Civil Cases, Rule 3(D)(i) "[p]re-motion letters and pre-motion conferences are not required for motions to dismiss." (emphasis in original) Accordingly, this Court issued an Order denying [16] Letter Motion for Conference on August 15, 2023. (ECF Doc. No. 17). In addition, Defendants failed to timely move, answer, or otherwise respond to the complaint and were in default.

From August 15, 2023 through August 24, 2023, Defendants did not seek leave to file out of time or request any extensions from the Court or from Plaintiff. Therefore, Plaintiff requested the clerk to enter default against Defendants on August 24, 2023. (ECF Doc. Nos. 18-21). The Clerk issued Certificate of Default against Defendants the same day. (ECF Doc. Nos. 22-23).

On August 24, 2023, Defendants filed a "Letter Motion for Extension of Time to File Defendants (*sic*) anticipated motion to dismiss and to respectfully request the vacatur of the Clerks (sic) Certificate of Default." (ECF Doc. No. 24).

## II.  Factual Background

Plaintiff brings this action to recover damages for Defendants' violations of state and federal wage and hour laws. This Court has jurisdiction because the claims include violations of the federal Fair Labor Standards Act("FLSA"). (ECF Doc. No. 1, Complaint at ¶ 2)  Defendant Wellington Physical Therapy and Acupuncture PLLC is owned, in whole or in part, by Defendant Nikki Yu. (*Id*. at ¶ 9).  Defendant Yu has the authority to set payroll policies/practices, hire/fire employees, and set wages and other terms and conditions of employment. (*Id.*)  Plaintiff was employed by Defendant between approximately September 21, 2021 and March 1, 2023. (*Id*. at ¶ 14).  In order to conceal its pay violations, Defendants did not provide Plaintiff with detailed copies of her paystubs. (*Id.*)  Nonetheless, Plaintiff alleges specific workweeks in which she worked more than 40 hours and did not receive her full compensation.  (*Id*. at ¶¶ 24, 40, 57).

## III.  Legal Arguments

### A.  Defendants' Request For A Third Extension is Untimely and Futile

All requests for adjournments and extensions of time shall be made at least 48 hours before the scheduled deadline or appearance. Individual Rules and Practices in Civil Cases, Rule 3(C). Here, Defendants requested multiple extensions which put the answer or responsive pleading due on August 14, 2023, approximately 4 months after the filing of the Complaint. Then on the due date to file an answer or response, Defendants incorrectly filed a letter motion requesting a pre-motion conference on Defendants' anticipated motion to dismiss. The Court denied the motion the next day, August 15, 2023. At that point, Defendants knew they were in default but did not request leave to file an answer or motion to dismiss *instanter*. Defendants did nothing. On August 24, 2023, Plaintiff filed her request that the clerk enter default against Defendants. (ECF Doc. Nos. 18-21). The Clerk issued Certificate of Default against Defendants the same day. (ECF Doc. Nos. 22-23). Only then did Defendants decide to react by filing the instant motion. Additionally, the extension is futile because Defendants have no valid argument to set aside the default because Defendants have no meritorious defense.

### B.  Vacatur is Not Justified

In deciding whether vacatur is justified, "the court's determination must be guided by three principal factors: '(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice.'" *New York v. Green*, 420 F.3d 99, 108 (2d Cir. 2005)

(quoting *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166-67 (2d Cir. 2004))

First, in the context of a default judgment, "'willfulness' . . . refer[s] to conduct that is more than merely negligent or careless." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Here, Defendants have not offered any explanation as to why Defendants failed to take any action after the incorrect letter motion for a pre-motion conference.

Second, and most importantly, Defendants do not have a meritorious defense. "In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a [certificate of default], the defendant . . . must present evidence of facts that, 'if proven at trial, would constitute a complete defense.'" *McNulty*, 137 F.3d at 740 (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993)).

Defendants first argue that Plaintiff is exempt under the FLSA because Plaintiff's job duties satisfy the duties test of the professional exemption. The "duties test," however, is just one part of the professional. In order to meet the criteria for the "professional" exemption, an employee must satisfy both a "salary basis test" and a "duties test." See 29 C.F.R. § 541.2; *Coleman-Edwards v. Simpson*, 330 Fed. App'x 218, 219 (2d Cir. 2009)  Plaintiff was paid on an hourly basis. (ECF Doc. No. 1, Complaint at ¶ 16). Defendants would not pay Plaintiff for all hours worked, would deduct hours from Plaintiff's time sheets, and did not pay Plaintiff the correct overtime rate. *Id*. at ¶¶ 20, 27, and 56-58. Defendant does not and cannot disoute that Plaintiff was paid on a salary basis. Therefore, Plaintiff is exempt as a matter of law and Defendants' argument regarding Plaintiff's exemption is without factual or legal support.

Defendants next argue that Plaintiff has not plead FLSA violations with sufficient detail to survive a motion to dismiss. However, Plaintiff provides specific workweeks that she worked overtime and was not paid her correct overtime rate. (ECF Doc. No. 1; Complaint at ¶¶ 24, 40, 57). Specifically, Plaintiff alleges that during the week ending March 26, 2022 and the week ending March 19, 2022, she was not paid the correct overtime rate for hours worked over 40 in workweek. Allegations of specific workweeks where Plaintiff was underpaid overtime wages is sufficient to defeat a motion to dismiss. See *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). ("[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours."); *See also Sydorowitz v. City of New York*, No. 20-CV-9233, 2022 WL 836847, 2022 U.S. Dist. LEXIS 50251, at *6 (S.D.N.Y. March 21, 2022) (plaintiff stated plausible overtime claim by submitting paystub reflecting that she worked a total of forty-three hours and fifteen minutes in one week and alleging unpaid compensation). Furthermore, Defendants did not pay Plaintiff any wages for the work performed between February 12, 2023 through March 1, 2023, violating the minimum wage law. (ECF Doc. No. 1, Complaint at ¶ 40).

Moreover, Plaintiff was not provided with paystubs that detail her hours and pay. (ECF Doc. No. 1, Complaint at ¶ 21). Failing to provide paystubs violates the law and the intended consequence is that Plaintiff is not aware of the extent of each week she was underpaid. (*Id*). Where, as here, Plaintiff lacks access to the employment records necessary to prove that she was

not properly compensated, she may meet the burden through her recollection. Plaintiff has sufficiently plead allegations of unpaid overtime and minimum wage violations.

Last, Defendants argue that Plaintiff's claims under N.Y. Lab. Law, Art. 6, § 195(1) and (3), set forth in the Fourth Cause of Action, must be dismissed because Plaintiff lacks standing to bring those claims. Specifically, Defendants contend that Plaintiff has failed to allege she suffered from a concrete injury.

Plaintiff has alleged a concrete injury from Defendants failure to provide a wage notice and wage statements. Plaintiff alleges that Defendant intentionally concealed its underpayments by not providing Plaintiff with complete wage statements. (ECF Doc. No. 1; Complaint at ¶ 21). Without accurate wage statements, Plaintiff was not aware of the under payments and it allowed Defendants to get away with it for much longer. Numerous courts in this Circuit have found that similar allegations constitute a concrete injury for standing purposes. *Metcalf v. TransPerfect Translations Int'l, Inc*., No. 19-CV-10104 (ER) (KHP), 2023 WL 2674743, at *5 (S.D.N.Y. Mar. 29, 2023) ("[P]laintiffs here allege that the inaccurate wage statements provided by [the employer] resulted in them being underpaid for nearly nine months."); *Mateer v. Peloton Interactive, Inc*., No. 22-CV-740 (LGS), 2022 U.S. Dist. LEXIS 125017, 2022 WL 2751871, at *2 (S.D.N.Y. July 14, 2022) (allegation that defendant's violation "resulted in the underpayment of wages" sufficient under the standard in TransUnion) *Imbarrato v. Banta Mgmt. Servs*., No. 18 Civ. 5422, 2020 U.S. Dist. LEXIS 49740, 2020 WL 1330744, at *9 (S.D.N.Y. Mar. 20, 2020) (rejecting standing challenge to WTPA claim, in part, because plaintiffs asserted a concrete and particularized injury arising from defendants' failure to provide them with wage notices and page stubs tied to deprivation of adequate wages); *Thompson v. Elev8 Ctr. N.Y., LLC*, 2023 WL 4556045, 2023 U.S. Dist. LEXIS 122504 *22 (same); *Stih v. Rockaway Farmers Market, Inc*., No. 22-CV-3228, 2023 WL 2760492, 2023 U.S. Dist. LEXIS 58299 at *20 (E.D.N.Y. Apr. 3, 2023) (rejecting standing challenge where failure to provide wage notice and statements caused plaintiff to fail to realize that defendants were deducting certain benefits from his wages, resulting in his underpayment). As such, Plaintiff has alleged an injury and Defendants' purported defense is without any factual or legal support.

Lastly, an absence of prejudice to the nondefaulting party would not in itself entitle the defaulting party to relief from default. *McNulty*, 137 F.3d at 738. (affirming denial of motion to vacate default judgment upon finding of willfulness and no meritorious defense, without analyzing prejudice).

For the reasons stated above, Defendants' Letter Motion should be denied.

Sincerely,

**Mansell Law LLC**

Greg R. Mansell

Cc: All counsel of record, via ECF