**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X

Vinita Rathod,                                                          Case No.: 1:23-cv-03276

                                   *Plaintiff*,              Hon. J. Paul Oetken, U.S.D.J.

          -*against*-

 Wellington Physical Therapy and Acupuncture PLLC,
 nd Nikki Yu,

                                   *Defendants*.
------------------------------------------------------------------------X


### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT


                              **LEVIN-EPSTEIN & ASSOCIATES, P.C.**
                              Jason Mizrahi, Esq.
                              Joshua Levin-Epstein, Esq.
                              60 East 42nd Street, Suite 4700
                              New York, New York 10165
                              Tel. No.: (212) 792-0048
                              Email:    Jason@levinepstein.com
                                        Joshua@levinepstein.com
                              *Attorneys for Defendants*

Dated: New York, New York
          October 6, 2023

## TABLE OF CONTENTS

Page

**TABLE OF AUTHORITIES** ................................................................................................ iii

**PRELIMINARY STATEMENT** .......................................................................................... 1

**RELEVANT FACTUAL BACKGROUND** ........................................................................ 4

**LEGAL STANDARD** .......................................................................................................... 6

    I.   Legal Standard for Motion to Dismiss Under Fed.R.Civ.P. 12(b)(6) .................................. 6

   II.   Legal Standard for Article III Standing Under Fed.R.Civ.P. 12(b)(1) and 12(h)(3) ........... 7

**ARGUMENT** ........................................................................................................................ 9

    I.   Plaintiff Fails Meet the *Lundy* Pleading Standard Required to State a Claim for Unpaid Overtime Under the FLSA ........................................................................................ 9

         A.  The *Lundy* Pleading Standard for FLSA Overtime Claims ......................................... 9

         B.  Plaintiff Failed to Sufficiently Plead a FLSA Overtime Claim .................................. 10

   II.   Plaintiff is an Exempt Professional Employee.................................................................. 11

         A.  Plainitff was an Exempt, Licensed Physical Therapist, Sponsored Under an H1-B Visa ......................................................................................................................... 12

  III.   The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's NYLL Claims and Dismiss the Complaint in its Entirety .......................................................... 14

  IV.   Alternatively, the Court Should Dismiss Plaintiff's NYLL Minimum Wage Claim with Prejudice for Three (3), Independent, Reasons.................................................................. 14

         A.  Plaintiff's Minimum Wage Claim is Insufficiently Pled ........................................... 15

         B.  Plainitff was an Exempt, Licensed Physical Therapist, Sponsored Under an H1-B Visa ......................................................................................................................... 15

         C.  Plaintiff  was Paid in Excess of the Prevailing Minimum Wage .............................. 16

   V.   Plaintiff Lacks Standing to Pursue Her WTPA Claims ..................................................... 17

         A.  Alternatively, Plaintiff's Wage Notice Claim Fails as a Matter of Law .................... 19

      i.   There is no Private Right of Action for Subsequent § 195(1) Claims .................. 19

      ii.   Plainitff was an Exempt, Licensed Physical Therapist, Sponsored Under an H1-B Visa .................................................................................................................. 20

      iii.  Plainitff Admittedly Received a Wage Notice ..................................................... 21

VI.  Plaintiff has Failed to State a Claim for Unlawful Deductions ......................................... 21

VII. Plaintiff's Claims Against the Individual Defendant Should be Dismissed Because She was Not Plaintiff's Employer ............................................................................................... 22

**CONCLUSION** ................................................................................................................... **24**

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009).......................................................................................... 6, 7

*Bachayeva v. Americare Certified Special Servs., Inc.,*
    2013 WL 1171741 (E.D.N.Y. 2013)................................................................. 15

*Barfield v. N.Y.C. Health & Hosps. Corp.,*
    537 F.3d 132 (2d Cir. 2008)............................................................................. 22

*Beh v. Cmty. Care Companions Inc.,*
    2022 WL 5039391 (W.D.N.Y. 2022) ............................................................. 18

*Bonn-Wittingham v. Project OHR, Inc.,*
    792 Fed. Appx. 71 (2d Cir. 2019)..................................................................... 10

*Bustillos v. Academy Bus, LLC,*
    2014 WL 116012 (S.D.N.Y. 2014)................................................................... 11

*Carter v. Dutchess Community College,*
    735 F.2d 8 (2d Cir. 1984) .............................................................................. 3, 22

*Chavis v. Chappius,*
    618 F.3d 162 (2d Cir. 2010)............................................................................... 6

*Chen v. Major League Baseball Props., Inc.,*
    798 F.3d 72 (2d Cir.2015)................................................................................. 11

*Daimler Chrysler Corp. v. Cuno,*
    547 U.S. 332 (2006)............................................................................................ 7

*Davis v. Lenox Hill Hosp.,*
    2004 WL 1926087 (S.D.N.Y. 2004)................................................................. 15

*Dejesus v. HF Management Servs., LLC,*
    726 F.3d 85, 90 (2d Cir. 2013)........................................................................... 9

*Fernandez v. Zoni Language Centers, Inc.,*
    858 F.3d 45 (2d. Cir. 2017)............................................................................... 14

*Francisco v. NY Tex Care, Inc.*,
    2022 WL 900603 (E.D.N.Y. 2022)...................................................................... 18

*Harty v. W. Point Realty, Inc.*,
    28 F.4th 435 (2d Cir. 2022) ........................................................................... 8

*Heredia v. Americare, Inc.*,
    2020 WL 3961618 (S.D.N.Y. 2020)................................................................ 20

*Hosseini v. Miilkiina LLC*,
    2023 WL 2136390 (S.D.N.Y. 2023)................................................................ 10

*Hudacs v. Frito-Lay, Inc.*,
    683 N.E.2d 322 (N.Y. 1997)........................................................................ 22

*Huer Huang v. Shanghai City Corp.*,
    459 F. Supp. 3d 580 (S.D.N.Y. 2020)............................................................ 23

*In re Domino's Pizza Inc.*,
    2018 WL 1587593 (S.D.N.Y. 2018)................................................................ 22

*Irizarry v. Catsimatidis*,
    722 F.3d 99 (2d Cir. 2013)..................................................................... 23, 24

*Lin v. Comprehensive Health Mgmt.*,
    2009 WL 976835 (S.D.N.Y. 2009)........................................................... 23, 24

*Lujan v. Defs. Of Wildlife*,
    504 U.S. 555 (1992)................................................................................. 7

*Lundy v. Catholic Health Sys. of Long Is. Inc.*,
    711 F.3d 106 (2d Cir. 2013)........................................................................ 9

*Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*,
    19 F.4th 58 (2d Cir. 2021) ..................................................................... 7, 8

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000)........................................................................ 7

*Martinez v. Alimentos Saludables Corp.* ,
    2017 WL 5033650 (E.D.N.Y. 2017).............................................................. 17

*Metcalf v. TransPerfect Translations Int'l, Inc.*,
    2022 WL 4661926 (S.D.N.Y. 2022)....................................................................... 7, 8, 17

*Morales v. Anyelisa Rest. Corp*.,
    2019 WL 3430106 (S.D.N.Y. 2019) ................................................................................. 5

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
    723 F.3d 192 (2d Cir. 2013)............................................................................................. 9

*Panora v. Deenora Corp*.
    467 F. Supp. 3d 38 (E.D.N.Y. 2020) ............................................................................ 17

*Paleja v. KP NY Operations LLC*,
    2022 WL 364007 (2d Cir. 2022)..................................................................................... 10

*Pichardo v. ElMismo Rincon Latino Corp*.,
    2018 WL 4101844 (E.D.N.Y. 2018)............................................................................... 17

*Romero v. Rung Charoen Sub, Inc*.,
    2017 WL 4480758 (E.D.N.Y. 2017)............................................................................... 17

*Sanchez v. Ms. Wine Shop Inc*.,
    2022 WL 17368867 (E.D.N.Y. 2022)............................................................................ 17

*Santillan v. Henao,*
    822 F. Supp. 2d 284, 292 (E.D.N.Y. 2011) ................................................................. 15

*Sevilla v. House of Salads One LLC*,
    2022 WL 954740 (E.D.N.Y. 2022).................................................................................. 18

*Shi v. TL & CG Inc*.,
    2022 WL 2669156 (S.D.N.Y. 2022)................................................................................ 19

*Sudilovskiy v. City WAV Corp*.,
    2022 WL 4586307 (E.D.N.Y. 2022)......................................................................... 18, 19

*Thompson v. Urban Recovery House, LLC*,
    2022 WL 589957 (S.D.N.Y. 2022).................................................................................. 10

*TransUnion LLC v. Ramirez*,
    141 S. Ct. 2190 (2021)....................................................................................................... 8

*U.S. ex rel. Siegel v. Roche Diagnostics Corp.*,
   988 F.Supp.2d 341 (E.D.N.Y. 2013) .................................................................. 6

*Vast v. Credico (USA) LLC*,
   2016 WL 4147241 (S.D.N.Y. 2016) ................................................................. 23

*Veracka v. MLD Mortgage*, Inc.,
   2021 WL 2662007 (E.D.N.Y. 2021) ................................................................. 20

*Volpe v. American Language Comm. Center, et al*,
   200 F. Supp. 3d 428 (S.D.N.Y. 2016) ............................................................... 14

*Wang v. XBB, Inc.*,
   2022 WL 912592 (E.D.N.Y. 2022) ................................................................... 18

*Weng v. HungryPanda U.S., Inc.*,
   2022 WL 292799 (S.D.N.Y. 2022) ................................................................... 23

*Zuniga v. Newmark Wood Working Grp. Inc.*,
   2022 WL 3446331 (E.D.N.Y. 2022) ................................................................. 18

**Statutes**

12 NYCRR § 142-2.1 ......................................................................................... 15, 16

12 NYCRR § 142–2.14(c)(4)(iii) ............................................................................ 15

12 NYCRR § 142-2.16 (2017) ................................................................................ 16

28 U.S.C. § 1367 ..................................................................................................... 14

29 C.F.R. § 541.304(a)(1) ....................................................................................... 12

29 C.F.R. § 541.304(b) ...................................................................................... 12, 13

29 C.F.R. § 541.600(a) ....................................................................................... 12, 13

29 C.F.R. § 541.600(e) ............................................................................................ 13

29 U.S.C. § 203(d) .................................................................................................. 22

29 U.S.C. § 213(a)(1) .............................................................................................. 12

8 C.F.R. § 214.2(h)(4)(i)(A)(1) .............................................................................. 13

8 C.F.R. § 214.2(h)(4)(iii)(C)(D)................................................................ 13

NYLL § 195 ........................................................................................ 21

NYLL § 198(1-b)................................................................................. 20

NYLL § 652 ........................................................................................ 16

NYLL § 652(1) ................................................................................... 15

Defendants Wellington Physical Therapy and Acupuncture PLLC (the "PLLC") and Nikki Yu (the "Individual Defendant", and together with the PLLC, the "Defendants") by and through the undersigned counsel, Levin-Epstein & Associates, P.C., respectfully submit this Memorandum of Law, together with the Declaration of Jason Mizrahi, Esq., (the "Mizrahi Decl."), and the exhibits annexed thereto, in support of Defendants' motion to dismiss the Complaint, filed on April 19, 2023 [Dckt. No. 1] (the "Complaint" or the "*Compl.*") by Plaintiff Vinita Rathod (the "Plaintiff"), pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 12(b)(1), 12(b)(6), and 12(h)(3) and as grounds thereto respectfully state as follows:

## **PRELIMINARY STATEMENT**

In her Complaint, Plaintiff alleges that Defendants: (i) failed to pay her minimum wages under the New York Labor Law ("NYLL") [*Compl.* at ¶ 36-42]; (ii) failed to issue her required wage notices and wage statements in violation of the NYLL and the NYLL's Wage Theft Prevention Act ("WTPA") [*id.* at ¶¶ 43-47]; (iii) made unlawful deductions from Plaintiff's pay in violation of the NYLL [*id.* at ¶¶ 48-53]; and (iv) failed to pay her overtime under the Fair Labor Standards Act ("FLSA") [*id.* at ¶¶ 54-60]. As set forth below, Plaintiff's Complaint is fatally flawed and should be dismissed.

First, Plaintiff's ***sole*** federal claim for unpaid overtime must be dismissed under Fed.R.Civ.P. 12(b)(6). It is well-established that conclusory allegations, like Plaintiff's, about working overtime and not receiving overtime pay are insufficient to meet the *Lundy* pleading standard for FLSA overtime claims. Indeed, Plaintiff's Complaint does not allege with any particularity a single workweek in which Plaintiff actually worked in excess of 40 hours per week and did not receive overtime compensation. Accordingly, consistent with Second Circuit precedent, Plaintiff's ***sole*** federal claim for unpaid overtime should be dismissed.

1

Second, even if Plaintiff's *sole* federal claim is sufficient pled (which it isn't), it still fails. The Complaint demonstrates that Plaintiff – a licensed physical therapist recruited to work under a specialty occupation H1-B Visa – is an exempt professional employee under 29 U.S.C. § 213(a)(1). Therefore, Plaintiff's *sole* federal claim for unpaid overtime under the FLSA should be dismissed with prejudice.

Third, given that Plaintiff's *sole* federal claim cannot survive the instant Motion to Dismiss because it is both insufficiently pled, and factually implausible, this Court should decline to exercise personal jurisdiction over Plaintiff's NYLL claims, and dismiss the Complaint in its entirety. Alternatively, if the Court does exercise supplemental jurisdiction, Plaintiff's three (3) remaining NYLL claims should be dismissed as set forth more fully below.

Plaintiff's first cause of action for unpaid minimum wages under the NYLL should be dismissed for three (3), independent, reasons. First, Plaintiff's minimum wage claim has not been sufficiently pled. Second, Plaintiff's role as a professional employee, exempts her from coverage under the NYLL, as well as the FLSA. Third, because Plainitff was paid an effective hourly rate higher than the state minimum wage, her state minimum wage claim must necessarily fail.

Plaintiff's second cause of action for wage statement and wage notice violations under the NYLL's WTPA should be dismissed because Plaintiff lacks standing to recover on such claims. Plaintiff has not alleged any tangible, concrete injury connected to the allegedly improper information contained in those documents. Accordingly, Plaintiff's WTPA claims should be dismissed.

Plaintiff's wage notice claim should be dismissed for an additional reason. New York law does not provide a cause of action for an individual who did not receive a wage notice whenever there was a change in the rate of pay. A violation under NYLL § 195(1) only exists for failing to

give notice at the time of hire. However, the Complaint alleges that Plainitff received an "employment contract" before she started working, on or around September 21, 2021. [*Compl.* at ¶¶ 14, 24]. By virtue of the admissions in Plaintiff's Complaint, and those established matters upon which the Court may properly take judicial notice, Plaintiff did in fact receive proper wage notice, at the time of hire, under NYLL § 195(1). Accordingly, Plaintiff's wage notice claim should be dismissed.

Plaintiff's third cause of action for unlawful deductions should be dismissed for failure to state a claim. Plaintiff does not allege that Defendants made any unlawful deductions from her wages – a pleading requisite under NYLL § 193. Instead, Plaintiff contends that she was required to pay the cost of her H1-B Visa filings, *i.e.,* not her wages. [*Compl.* at ¶¶ 18, 50].  Accordingly, Plaintiff's NYLL § 193 claim should be dismissed.

Lastly, Plaintiff's claims against the Individual Defendant should be dismissed. The Complaint fails to set forth facts necessary to articulate plausibly that the Individual Defendant is Plaintiff's employer under the FLSA or the NYLL.[1] In fact, with respect to the Individual Defendant, the Amended Complaint fails to allege specific facts addressing any of the *Carter v. Dutchess Community College*, 735 F.2d 8 (2d Cir. 1984), factors concerning their individual liability under the FLSA and NYLL, other than in a wholly insufficient and conclusory manner. This is insufficient under Second Circuit precedent to establish that the Individual Defendant was Plaintiff's employer under the FLSA and NYLL and, therefore, all claims against them should be dismissed.

For all of these reasons and as set forth below, the Complaint is fatally defective, and Defendants' Motion to Dismiss should be granted.

---

[1] For purposes of this Motion only, Defendants will assume that Plaintiff has alleged just enough facts to allege plausibly that the PLLC was Plaintiff's employer under the FLSA and NYLL.

## RELEVANT FACTUAL BACKGROUND[2]

The PLLC operates medical facilities in Manhattan and Queens, where it provides physical therapy and acupuncture services to patients. [*Compl.* at ¶¶ 8, 10]. In or around September 2021, Plaintiff was recruited to work at the PLLC's medical facility in Manhattan, as a licensed physical therapist sponsored under a specialty occupation H1-B Visa. [*Id.* at ¶¶ 8, 18-19, 50]. Plaintiff's job duties included providing physical therapy services to patients. [*Id.* at ¶ 15].

As referenced in the Complaint[3], the terms and conditions of Plaintiff's employment were governed by a signed employment contract, dated September 20, 2021, by and between the PLLC, as employer, and Plaintiff, as employee (the "Professional Services Agreement"). [*Id.* at ¶ 24]. The recitals in the Professional Services Agreement, referenced in the Complaint[4], state, in pertinent part that:

> "[Plaintiff] has requested the Employer (*i.e.,* the PLLC) to sponsor [Plaintiff's] immigrant/H1b visa petition…"

> "Employer will sponsor [Plaintiff's] immigrant/H1b visa petition;"

> "Employer will employ [Plaintiff] as a Physical Therapist for the Employer;"

> "[Plaintiff] will accept such employment pursuant to the terms and conditions contained herein, and [Plaintiff] ***must be a licensed Physical Therapist in New York State***."

---

[2] For purposes of this Motion to Dismiss, the material factual allegations set forth in the Complaint are assumed true and will form the basis for the statement of facts herein. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). However, should Defendants' motion be denied, in whole or in part, Defendants intend to vigorously contest the "facts" asserted in the Complaint.

[3] *Compl.* at ¶ 24.

[4] *Id.*

[Mizrahi Decl. at ¶ 3] [Ex. A] [Professional Services Agreement] (emphasis added).[5] The Professional Services Agreement, referenced in the Complaint[6], further states, in pertinent part that:

> "…[Plaintiff's] annual salary for the licensed Physical Therapist shall be one hundred four thousand dollars ($104,000.00) between 09/20/2021-10/31/2024, payable on bi-weekly basis."

[*Id.*].

Plaintiff worked at the PLLC from September 21, 2023 to, through and including March 1, 2023. [*Compl.* at ¶ 14]. Despite having worked at the PLLC for nearly two (2) years, the Complaint is devoid of any facts regarding Plaintiff's schedule. Instead, Plaintiff alleges that simply alleges that she "often worked more than 40 hours in a single workweek." [*Id.* at ¶¶ 26, 55]. Despite having worked at the PLLC for nearly two (2) years, there is not a single allegation in the Complaint regarding Plaintiff's actual regular rate of pay.

Plaintiff concedes that her employment with the PLLC ended on March 1, 2023. [*Id.* at ¶ 14] Prior to her voluntary resignation, Plaintiff alleges that she was not paid any wages for the "12.5 days" she worked from February 12, 2023 through March 1, 2023. [*Id.* at ¶¶ 39-40]. However, according to the paystubs referenced throughout the Complaint[7], Plaintiff was paid fully for the work she performed during this period. [Mizrahi Decl. at ¶ 4] [Ex. B] [Paystubs].

---

[5] When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. *Morales v. Anyelisa Rest. Corp.*, 2019 WL 3430106, at *1 (S.D.N.Y. 2019) (citation omitted). Here, the Complaint expressly references, *inter alia*: (i) the September 20, 2021 employment contract (*i.e.,* the Professional Services Agreement); and (ii) paystubs that Plaintiff received each week. [*Compl.* at ¶¶ 21, 24].

[6] *Id.* at ¶ 24.

[7] *Id.* at ¶ 21; *see also id.* at ¶¶ 25, 34.

**LEGAL STANDARD**

**I.      Legal Standard for Motion to Dismiss Under Fed.R.Civ.P. 12(b)(6)**

To survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id* at 678. But, a pleading "that offers only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), "a court must 'accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'" *U.S. ex rel. Siegel v. Roche Diagnostics Corp.,* 988 F.Supp.2d 341, 343 (E.D.N.Y. 2013) (quoting *LaFaro v. N.Y. Cardiothoracic Grp.,* 570 F.3d 471, 475 (2d Cir. 2009)). Nevertheless, "threadbare recitals of the elements of a cause of action" that are supported by "conclusory" statements and mere speculation are inadequate and subject to dismissal. *Chavis v. Chappius,* 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation and citation omitted); *see Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.") If well-pleaded factual allegations are present in the complaint, courts should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (internal citations omitted). Factual allegations, however, "that are 'merely consistent

with' a defendant's liability…'stop short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal citations omitted).

## II.      Legal Standard for Article III Standing Under Fed.R.Civ.P. 12(b)(1) and 12(h)(3)

A federal court may only exercise subject matter jurisdiction over a plaintiff's claims for which it has standing. *See Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992). Importantly, "a plaintiff must demonstrate standing for each claim he seeks to press." *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). This includes claims over which the court has supplemental jurisdiction, even where the plaintiff has standing to bring jurisdiction-invoking federal claims. *Id*. at 351-52.

Fed.R.Civ.P. 12(h)(3) directs courts to dismiss an action at any time if the court deems that it lacks subject matter jurisdiction. *See* Fed.R.Civ.P. 12(h). "The same standards govern a motion to dismiss for lack of subject matter jurisdiction under 12(b)(1) and 12(h)(3)" and the same standards are applicable to both types of motion. *Metcalf v. TransPerfect Translations Int'l, Inc.*, 2022 WL 4661926, at *9 (S.D.N.Y. 2022). A case should be dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

The requirements of Article III standing are well-established. "Article III standing requires plaintiffs to show (1) an 'injury in fact,' (2) a 'causal connection' between that injury and the conduct at issue, and (3) a likelihood 'that the injury will be redressed by a favorable decision.'" *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 62 (2d Cir. 2021) (quoting *Lujan*, 504 U.S. at 560-61). For a plaintiff to prove he suffered an injury in fact, the plaintiff "must show the invasion of a [1] legally protected interest that is [2] concrete and [3] particularized and [4] actual or imminent, not conjectural or hypothetical." *Id.* (quoting *Strubel v. Comenity Bank*, 842 F.3d

181, 187-88 (2d Cir. 2016)). "Accordingly, to state a viable claim for statutory violations, the complaint must provide factually specific, non-conclusory allegations that they suffered a concrete harm as a result of the violations." *Metcalf*, 2022 WL 4661926, at *16.

In *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), the Supreme Court explained that a plaintiff does not have standing to bring a claim in federal court based solely on a defendant's alleged violation of a statute without showing that the plaintiff suffered a separate injury because of such violation. *See generally id*. at 2204-2208. "Only those plaintiffs who have been *concretely harmed* by a defendant's violation may sue that private defendant over that violation in federal court." *Id.* at 2205 (emphasis original). Following the Supreme Court's decision in *TransUnion*, the Second Circuit has found that plaintiffs did not have standing to bring suit in federal court based solely on a defendant's alleged violation of various statutes where the plaintiffs could not show that they suffered any injury separate from the statutory violation itself. *See, e.g., Maddox*, 19 F.4th at 64-66 (finding no standing for claims against a bank for alleged violation of New York law concerning recording of mortgage satisfaction); *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443-44 (2d Cir. 2022) (finding no standing for claims of alleged violations of the Americans with Disabilities Act regulations concerning disclosure of accessibility information on a hotel's website where the plaintiff had no intention of visiting the hotel in question). To bring a claim in federal court for an alleged "informational injury" arising from a statutory violation, a plaintiff must show that there were "downstream consequences" caused by the plaintiff's failure to receive such information. *Harty*, 28 F.4th at 444 (quoting *TransUnion*, 141 S. Ct. at 2214).

## ARGUMENT

### I.   Plaintiff Fails Meet the *Lundy* Pleading Standard Required to State a Claim for Unpaid Overtime Under the FLSA

Plaintiff's threadbare, conclusory allegations about allegedly working overtime hours fail to state a cognizable FLSA overtime claim as a matter of law.

#### A.  The *Lundy* Pleading Standard for FLSA Overtime Claims

The FLSA requires that an employee who works "in excess of" 40 hours per week be compensated for such excess hours at an overtime rate, meaning "at a rate not less than one and one-half times the regular rate at which [the employee] is employed." 29 U.S.C. § 207(a)(1). The Second Circuit has held that "to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Is. Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (hereinafter referred to as the "*Lundy* pleading standard").

In subsequent decisions, the Second Circuit clarified the *Lundy* pleading standard. *See Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192 (2d Cir. 2013); *Dejesus v. HF Management Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013). The Second Circuit held that "[t]o plead a plausible FLSA overtime claim, [a plaintiff] must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that [the plaintiff] worked more than forty hours in a given week." *Nakahata*, 723 F.3d at 201. Indeed, the *Lundy* pleading standard requires that plaintiffs "allege overtime without compensation in a 'given' workweek" and is "not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks.'" *Dejesus*, 726 F.3d at 90 (quoting *Lundy*, 711 F.3d at 114).

Recently, in *Paleja v. KP NY Operations LLC*, the Second Circuit applied the *Lundy* pleading standard and affirmed dismissal of the plaintiff's FLSA claim as he had failed to plausibly allege an overtime violation by pleading that in a "typical week he would work approximately 70 hours – 11am

to 11pm, 6 days per week" and claiming that in the first week of September 2019 he worked approximately 70 hours and was paid a salary of $1,400. 2022 WL 364007, at *2 (2d Cir. 2022) (internal quotations omitted). Specifically, the Second Circuit held that while a general summary of a plaintiff's typical work schedule and singular example may "leave open the possibility that [the plaintiff] was insufficiently compensated for overtime, the mere possibility of misconduct is not enough to make out a plausible claim." *Id*. at *2  (internal quotations omitted) (noting that plaintiff failed to provide "allegations sufficient to allow for the reasonable inference that the $1,400 payment failed to include overtime compensation" (internal quotations omitted)).

Indeed, district courts in the Second Circuit have repeatedly dismissed FLSA overtime claims where plaintiffs make conclusory allegations about how they typically worked an approximate amount of overtime hours during a certain time period. *See, e.g.*, *Hosseini v. Miilkiina LLC*, 2023 WL 2136390, at *6 (S.D.N.Y. 2023) (denying default judgment on FLSA overtime claim where plaintiff alleged that she "worked approximately between 40 and 50 hours per week" from October 2020 to June 2021 and was not paid overtime); *Thompson v. Urban Recovery House, LLC*, 2022 WL 589957, at *4-6 (S.D.N.Y. 2022) (dismissing FLSA overtime claim where plaintiff alleged that "he was scheduled to work five days per week, from 7:30 a.m. to 4:00 p.m." and was "routinely required" to work after 4:00 p.m. and perform work on the weekends).

### B.  Plaintiff Failed to Sufficiently Plead a FLSA Overtime Claim

Plaintiff alleges that she "often worked more than 40 hours in a single workweek." [*Compl.* at ¶¶ 26, 55]. However, such allegation is "merely [a] legal conclusion[] that constitute[s] 'little more than a paraphrase of the statute'" and cannot establish a FLSA overtime claim. *Bonn-Wittingham v. Project OHR, Inc*., 792 Fed. Appx. 71, 74 (2d Cir. 2019) (quoting *Dejesus*, 726 F.3d at 89). Plaintiff's allegations are "equivalent to the allegations in *DeJesus* and *Nakahata* in which the plaintiffs claimed they regularly worked in excess of forty hours per week or did so during some or all weeks." *Bustillos*

*v. Academy Bus, LLC*, 2014 WL 116012, at *3 (S.D.N.Y. 2014) (internal quotations and citations omitted) (dismissing FLSA overtime claim where plaintiff alleged that he "regularly work[ed] from 60 to 90 hours per week"). Ultimately, Plaintiff's allegations "boil[] down to a conclusory assertion, without any supporting factual context, that the defendants violated the FLSA overtime provision because [Plaintiff] worked some number of excess hours in some unidentified week" and are insufficient to meet the Lundy pleading standard. *Id*.

To survive dismissal, "there should be sufficient factual allegations in the [ ] Complaint – rather than a general and conclusory allegation as to the number of hours 'routinely' worked – whereby the Court can reasonably infer that there was indeed one or more particular workweek(s) in which the plaintiff suffered an overtime violation." *Id*. at *4.   Here, Plaintiff does not provide specific facts regarding her alleged overtime work for even a single workweek during a two-year period. Accordingly, Plaintiff has failed to plead allegations sufficient to satisfy the *Lundy* pleading standard and her FLSA overtime claim should be dismissed.

## II.      Plaintiff is an Exempt Professional Employee

"The application of an exemption to the FLSA is an affirmative defense which may be raised in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Chen v. Major League Baseball Props., Inc*., 798 F.3d 72, 81 (2d Cir.2015) (internal citation and quotation marks omitted). "The employer who invokes the exemption bears the burden of establishing that the employee falls within the exemption." *Id*. at 82  (quoting *Mullins v. City of New York*, 653 F.3d 104, 113 (2d Cir. 2011)).

Even if Plaintiff's *sole* federal claim is not insufficient pled (which it is), it still fails because Plaintiff is an exempt professional employee under 29 U.S.C. § 213(a)(1).

**A.  Plaintiff was an Exempt, Licensed Physical Therapist, Sponsored Under an H1-B
Visa**

The FLSA's minimum wage and overtime provisions do "not apply with respect to—any
employee employed in a bona fide ... professional capacity." 29 U.S.C. § 213 (a)(1).  This includes
an employee "who is the holder of a valid license or certificate permitting the practice of law or
medicine or any of their branches and is actually engaged in the practice thereof[.]" 29 C.F.R. §
541.304 (a)(1). In the case of medicine, the exemption applies to practitioners licensed and
practicing in the field of medical science and healing or any of the medical specialties practiced
by physicians or practitioners. 29 C.F.R. § 541.304(b). Another regulation provides that, to qualify
as an exempt executive, administrative or professional employee under section 13(a)(1) of the Act,
an employee must be compensated on a salary basis at a rate of not less than $684 per week. 29
C.F.R. § 541.600(a).

There is no dispute that the Plaintiff held a valid license to practice physical therapy, and
that her job duties included providing physical therapy services to patients. [*Compl.* at ¶ 15].
Plaintiff further admits that she was "recruited by Defendants to work" under a specialty
occupation H1-B Visa. [*Id.* at ¶¶ 18-19, 50]. As referenced in the Complaint[8], the terms and
conditions of Plaintiff's employment were governed by the Professional Services Agreement,
dated September 20, 2021, by and between the PLLC, as employer, and Plaintiff, as employee.
[*Id.* at ¶ 24].  The recitals in the Professional Services Agreement, referenced in the Complaint[9],
state, in pertinent part that:

> "[Plaintiff] has requested the Employer (*i.e.,* the PLLC) to sponsor [Plaintiff's]
> immigrant/H1b visa petition…"

> "Employer will sponsor [Plaintiff's] immigrant/H1b visa petition;"

---

[8] *Compl.* at ¶ 24.
[9] *Id.*

"Employer will employ [Plaintiff] as a Physical Therapist for the Employer;"

"[Plaintiff] will accept such employment pursuant to the terms and conditions contained herein, and [Plaintiff] *must be a licensed Physical Therapist in New York State*."

[Mizrahi Decl. at ¶ 3] [Ex. A] [Professional Services Agreement] (emphasis added).

As an H1-B Visa holder, Plaintiff's employment (and eligibility to enter the U.S.) was expressly conditioned upon:

"Perform[ing] services in an occupation requiring the theoretical and practical application of a body of highly specialized knowledge, and for which attainment of a baccalaureate or higher degree (or its equivalent)…"

And further conditioned upon Plaintiff's ability to "demonstrate his or her qualifications to perform the services by having attained a baccalaureate or higher degree (or its equivalent) in the specialty occupation."

8 C.F.R. § 214.2(h)(4)(i)(A)(1); 8 C.F.R. § 214.2(h)(4)(iii)(C)(D).

Reading the Complaint in the light most favorable to Plaintiff, Plaintiff – a licensed physical therapist, and H1-B Visa holder – was engaged practice of physical therapy (*i.e.,* a field of medical science and healing or any of the medical specialties practiced by physicians or practitioners). 29 C.F.R. § 541.304(b).

Plaintiff also satisfies the salary threshold of the professional exemption – as it pertains to therapists[10] – because at all relevant times herein, Plaintiff was paid in excess of $684 per week. 29 C.F.R. § 541.600(a).  Notably, the Complaint has not – and cannot – allege otherwise. The Professional Services Agreement further states, in pertinent part that:

"…[Plaintiff's] annual salary for the licensed Physical Therapist shall be one hundred four thousand dollars ($104,000.00) between 09/20/2021-10/31/2024, payable on bi-weekly basis."

[Mizrahi Decl. at ¶ 3] [Ex. A] [Professional Services Agreement].

---

[10] *See* 29 C.F.R. § 541.600(e) ("In the case of medical occupations, the exception from the salary or fee requirement does not apply to pharmacists, nurses, therapists, technologists, sanitarians, dietitians, social workers, psychologists, psychometrists, or other professions which service the medical profession."

As a licensed physical therapist, and salaried employee, earning more than $100,000 per year, sponsored under an H1-B Visa, Plaintiff is clearly an exempt professional under the FLSA.

III.     **The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's NYLL Claims and Dismiss the Complaint in its Entirety**

The Court's subject matter jurisdiction in this case is premised on federal question jurisdiction as district courts have original jurisdiction over FLSA claims pursuant to 28 U.S.C. § 1331. Upon dismissal of Plaintiff's FLSA claim for the reasons discussed above, the Court should not exercise supplemental jurisdiction over Plaintiff's NYLL overtime claim. A district court "may decline to exercise supplemental jurisdiction over a claim…if…the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367. Indeed, district courts have routinely decided not to exercise supplemental jurisdiction over a plaintiff's NYLL claims after dismissing FLSA claims, which were the only basis for original jurisdiction. *See, e.g.*, *Fernandez v. Zoni Language Centers, Inc.,* 858 F.3d 45 (2d. Cir. 2017) (affirming District Court's dismissal of NYLL claims, after dismissing FLSA claims on the basis of a professional exemption); *Volpe v. American Language Comm. Center, et al*, 200 F. Supp. 3d 428 (S.D.N.Y. 2016) (same proposition). Accordingly, the Court should decline to exercise supplemental jurisdiction, and should dismiss the Complaint in its entirety.

IV.     **Alternatively, the Court Should Dismiss Plaintiff's NYLL Minimum Wage Claim with Prejudice for Three (3), Independent, Reasons**

If the Court decides to exercise supplemental jurisdiction over Plaintiff's NYLL minimum wage claim, the Court should still dismiss it for three (3) independent reasons. First, Plaintiff has failed to state a claim for unpaid minimum wages. Second, Plaintiff's role as a professional employee, exempts her from coverage under the NYLL, as well as the FLSA. Third, because Plainitff was paid an effective hourly rate higher than the state minimum wage, her state minimum wage claim must necessarily fail.

### A.  Plaintiff's Minimum Wage Claim is Insufficiently Pled

Under the NYLL, covered employees are entitled to be paid a minimum wage. NYLL § 652(1); *Santillan v. Henao,* 822 F. Supp. 2d 284 (E.D.N.Y. 2011). In 2021 to, through and including, 2023 (*i.e.,* the relevant period applicable to this case) the NYLL prescribed a minimum wage of: $15.00 per hour. *See* NYLL § 652; 12 NYCRR § 142-2.1. A plaintiff must "allege facts about [his] salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period." Casci v. Nat'l Fin. Network, 2015 WL 94229, at *4 (E.D.N.Y.  2015).

In this case, Plaintiff provides no facts – whatsoever – regarding her working hours from February 12, 2023 through March 1, 2023 (*i.e.,* the period in which minimum wages are allegedly owed). [*Compl.* at ¶¶ 39-40]. Plaintiff's failure to state a claim for unpaid minimum wages necessitates the dismissal of Plaintiff's first cause of action.

### B.  Plainitff was an Exempt, Licensed Physical Therapist, Sponsored Under an H1-B Visa

The language of the NYLL's duty requirement for professional employees is nearly identical to that of the FLSA, requiring that an exempt individual's primary duty consist of work "requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study." 12 NYCRR § 142–2.14(c)(4)(iii).  However, unlike the FLSA, the NYLL's professional employee exemption does not include a salary requirement. *See Bachayeva v. Americare Certified Special Servs., Inc*., 2013 WL 1171741, at *5 (E.D.N.Y. 2013) ("New York law differs from federal law ... in that to establish the [professional employee] exception, the employer need not satisfy a 'salary' test, only a duties test." (alteration in original) (citation omitted)); *Davis v. Lenox Hill Hosp*., 2004 WL 1926087, at *5 (S.D.N.Y. 2004) (finding that the NYLL includes similar exception for professional employees but "[u]nlike the FLSA…employers claiming a professional exemption under the NYLL need not satisfy a 'salary' test, only a duties test." (citation and internal quotation marks omitted)).

For the reasons set forth more fully in § II(A), *supra*, which are respectfully incorporated by reference herein, Plaintiff's role as a professional employee, exempts her from coverage under the NYLL, as well as the FLSA.

### C. Plaintiff was Paid in Excess of the Prevailing Minimum Wage

Plainitff alleges – in conclusory fashion – that "Defendants did not pay Plaintiff any wages for the work performed between February 12, 2023 through March 1, 2023." [*Compl.* at ¶ 40]. This is demonstrably false. According to Plaintiff's paystub for the week ending on February 18, 2023 (*i.e.,* February 12, 2023 to, through and including February 18, 2023), Plaintiff was paid $2,040. [Mizrahi Decl. at ¶ 4] [Ex. B] [Paystubs]. According to Plaintiff's paystub for the following week (*i.e.,* February 19, 2023 to, through and including February 25, 2023), Plaintiff was paid $2,040. [*Id*.]. According to Plaintiff's paystub for the following week (*i.e.,* February 26, 2023 to, through and including March 4, 2023), Plaintiff was paid $867. [*Id*.].

Under the New York Minimum Wage Order for Miscellaneous Industries and Occupations, the regular rate for an employee who is not paid on an hourly basis is determined by "dividing the total hours worked during the week into the employee's total earnings." 12 NYCRR § 142-2.16 (2017). Here, using simple arithmetic, Plaintiff was clearly compensated above the New York minimum wage, including during the period in question (*i.e.,* February 12, 2023 through March 1, 2023). Dividing Plaintiff's weekly earnings during these periods, by the total hours worked yields a regular rate, as follows:

| Period | Earnings | Hours Worked | Derived Reg. Rate of Pay [11] | Prevailing Min. Wage[12] |
|---|---|---|---|---|
| 2/12/2023 to 2/18/2023 | $2,040.00 | 40 | $51.00 | $15.00 |
| 2/19/2023 to 2/25/2023 | $2,040.00 | 40 | $51.00 | $15.00 |
| 2/26/2023 to 3/1/2023 | $867.00 | 17 | $51.00 | $15.00 |

[11] 12 NYCRR § 142-2.16 (2017).
[12] NYLL § 652; 12 NYCRR § 142-2.1.

Even assuming Plaintiff is not an exempt employee (which she is), Plaintiff has no minimum wage claim because her salary divided by the total hours worked yields a regular rate of pay well in excess of the $15.00 minimum wage. Courts in this Circuit have routinely dismissed state minimum wage claims in this exact situation. *See, e.g., Panora v. Deenora Corp*., 467 F. Supp. 3d 38 (E.D.N.Y. 2020); *Pichardo v. ElMismo Rincon Latino Corp*., 2018 WL 4101844, at *6 (E.D.N.Y. 2018); *Romero v. Rung Charoen Sub, Inc*., 2017 WL 4480758, at *7-8, *10 (E.D.N.Y. 2017); *Martinez v. Alimentos Saludables Corp.*, 2017 WL 5033650, at *14 (E.D.N.Y. 2017).

**V.      Plaintiff Lacks Standing to Pursue Her WTPA Claims**

Plaintiff has not and cannot allege that she suffered any "downstream consequences" from Defendants' alleged failure to provide wage notices or wage statements such that Plaintiff has been injured beyond the statutory violation itself. As such, Plaintiff does not have standing to bring claims against Defendants for alleged violations of NYLL § 195. Since the Supreme Court issued its decision in *TransUnion*, federal courts in New York have consistently found that plaintiffs do not have standing under Article III to bring claims in federal court for alleged violations of NYLL §§ 195(1) or 195(3). These courts have all found that the plaintiffs in those cases, as Plaintiff here, have not suffered any injury beyond the alleged statutory violation itself, which does not grant them standing under Article III as the Supreme Court stated in *TransUnion*. *See, e.g., Sanchez v. Ms. Wine Shop Inc*., 2022 WL 17368867, at *9 (E.D.N.Y. 2022) (dismissing NYLL Section 195(3) claim for lack of standing were the plaintiff "merely allege[d] that '[d]efendants failed to provide [p]laintiff with wage statements, upon each payment of his wages, as required by NYLL § 195(3)'"); *Metcalf*, 2022 WL 4661926, at *16  (finding plaintiffs lacked standing to bring claims under NYLL § 195 where the plaintiffs' complaint "d[id] not allege that Plaintiffs even read the wage statements or relied on them in any way, or that the wage statements caused Plaintiffs

confusion or distress."); *Beh v. Cmty. Care Companions Inc*., 2022 WL 5039391, at *7-10 (W.D.N.Y. 2022) (recommending dismissal of claims for alleged NYLL Section 195 violation); *Sudilovskiy v. City WAV Corp*., 2022 WL 4586307, at *5 (E.D.N.Y. 2022) (denying plaintiff's motion for a default judgment on NYLL Section 195 claims because plaintiff had not alleged sufficient facts to show standing); *Zuniga v. Newmark Wood Working Grp. Inc*., 2022 WL 3446331, at *7-9 (E.D.N.Y. 2022) (same); *Sevilla v. House of Salads One LLC*, 2022 WL 954740, at *7 (E.D.N.Y. 2022) (same); *Wang v. XBB, Inc*., 2022 WL 912592, at *13 (E.D.N.Y. 2022) (dismissing plaintiff's NYLL § 195(3) claims for lack of standing even where "the evidence establishes by a preponderance that Defendants failed to provide plaintiff with required notices under the NYLL"); *Francisco v. NY Tex Care, Inc*., 2022 WL 900603, at *7 (E.D.N.Y. 2022) (denying class certification on NYLL 195(1) and 195(3) claims because plaintiff lacked standing and failed to "demonstrate how those technical violations led to either a tangible injury or something akin to a traditional cause of action").

Plaintiff asserts that Defendants did not provide her with the wage notice or statements as required by the NYLL. [*Compl*. at ¶¶ 25, 34, 46]. Even if such allegations were true (which they are not), such alleged failure did not cause Plaintiff any injury-in-fact that would be sufficient to confer standing. These "technical violations of the NYLL" do not create "either a tangible injury or something akin to a traditional cause of action." *Francisco*, 2022 WL 900603, at *7; *see also Beh*, 2022 WL 5039391, at *7-9  ("While the deficiencies in defendants' provisions of hiring notices may amount to violations of the labor law, neither plaintiffs nor the record demonstrates cause of action, as required by the Supreme Court."). Thus, Plaintiff's allegations regarding the alleged statutory violations are insufficient to establish standing. Moreover, Plaintiff's attempt to allege an "injury-in-fact" relating to the purported statutory violations falls flat. The only "injury"

Plaintiff asserts is that the purported violations delayed her ability to discover the alleged underpayment of wages. [*Compl.* at ¶ 21]. This is insufficient to show that Plaintiff suffered "downstream consequences" from the alleged "informational injury" that Defendants allegedly caused. Indeed, New York federal courts have rejected this argument and correctly found that a delay in discovering an alleged underpayment in wages does not create an injury sufficient to allow a plaintiff to bring a claim for an alleged violation of Section 195. *See, e.g., Shi v. TL & CG Inc.*, 2022 WL 2669156, at *9 (S.D.N.Y. 2022); *Sudilovskiy*, 2022 WL 4586307, at *4-5 (holding that finding that where "[t]he pleading in the case at bar is devoid of any allegation that the wage underpayment would not have occurred, or would have been reduced, had plaintiffs received a proper wage notice or wage statements," a plaintiff has not suffered an injury sufficient to confer standing). Accordingly, Plaintiff lacks standing to bring claims for alleged violations of NYLL § 195 and such claims must be dismissed.

**A.  Alternatively, Plaintiff's Wage Notice Claim Fails as a Matter of Law**

In the Complaint, Plaintiff asserts that Defendants violated NYLL Section 195(1) by failing to provide her with a notice concerning her rate of pay. [*Compl.* at ¶¶ 44, 46]. Plaintiff's claim fails for three reasons: (i) there is no private right of action for alleged violations of Section 195(1) after the employee's initial hire; (ii) Plaintiff is exempt from the NYLL; and (iii) Plainitff was – in fact – given a wage notice, with the enumerated categories of information.

**i.  There is no Private Right of Action for Subsequent § 195(1) Claims**

To the extent Plaintiff is asserting a NYLL §195(1) claim for a failure to issue wage notices whenever her rate of pay changed[13], such claim should be dismissed because the NYLL does not confer a private right of action for such alleged violation of law. The first paragraph of NYLL §

---

[13] *Compl.* at ¶¶ 20, 50, 58.

198(1–b) accords an individual employee a private right of action to recover damages when the "employee is not provided within ten business days of his or her first day of employment a notice as required by [§ 195(1)(a)]" and the next paragraph of Section 198(1-b) accords only the Commissioner of Labor with the power to "bring any legal action necessary, including administrative action" "[o]n behalf of any employee not provided a notice as required by [§ 195(1)(a)] of this article." NYLL § 198(1-b). Following this statutory text, courts in this Circuit routinely hold that there is no private right of action for failing to issue a wage notice other than at the time of hiring. *See, e.g., Heredia v. Americare, Inc*., 2020 WL 3961618, at * 15 (S.D.N.Y. 2020) (a private right of action is available to an employee "whose employer fails to provide the initial notice at their hire, but not for subsequent failures to furnish the annual notice in following years.") (quoting *Yuquilema*, 2014 WL 4207106, at *11); *Veracka v. MLD Mortgage*, Inc., 2021 WL 2662007, at * 9 (E.D.N.Y. 2021) ("Defendants are correct that there is no private right of action for an employer's failure to provide annual wage notices to an employee[.]"). Accordingly, because Plaintiff was hired before the wage notice requirement was enacted and the NYLL does not provide for a private right of action for a failure to issue subsequent wage notices, the Court should dismiss Plaintiff's NYLL §195(1) claim.

### ii. Plaintiff was an Exempt, Licensed Physical Therapist, Sponsored Under an H1-B Visa

For the reasons set forth more fully in § II(A) and § IV(B), *supra*, which are respectfully incorporated by reference herein, Plaintiff's role as a professional employee, exempts her from coverage under the NYLL, as well as the FLSA.

### iii.    Plainitff Admittedly Received a Wage Notice

On September 20, 2021 (*i.e.,* one (1) day prior to the start of Plaintiff's employment on September 21, 2021[14]) Plaintiff signed the Professional Services Agreement. [Mizrahi Decl. at ¶ 3] [Ex. A] [Professional Services Agreement]. This contract contained all of the enumerated categories in NYLL § 195, *to wit*, Plaintiff's*:* (i)  rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other[15]; (ii) allowances, if any[16], claimed as part of the minimum wage, including tip, meal, or lodging allowances;  (iii) the regular pay day designated by the employer[17];  (iv) the name of the employer[18];  (v) any "doing business as" names used by the employer[19]; (vi) the physical address of the employer's main office or principal place of business[20], and a mailing address if different;  (vii) and the telephone number[21] of the employer. *See* NYLL § 195.

Accordingly, Plaintiff's NYLL § 195(1) claim alleging that Defendants failed to issue her a rate of pay notice at the commencement of employment should be dismissed.

### VI.    Plaintiff has Failed to State a Claim for Unlawful Deductions

Section 193 of the NYLL provides that no employer "shall make any deduction from the ***wages*** of an employee," except in certain specific instances, like health benefits authorized by the employee, recovery of overpayment, or repayment of advances of salary or wages. NYLL § 193(1)

---

[14] *Compl.* at ¶ 14.

[15] "…[Plaintiff's] annual salary for the licensed Physical Therapist shall be one hundred four thousand dollars ($104,000.00) between 09/20/2021-10/31/2024, payable on bi-weekly basis." [Mizrahi Decl. at ¶ 3] [Ex. A] [Professional Services Agreement].

[16] No such allowances were claimed. [*Id.*]

[17] "…[Plaintiff's] annual salary for the licensed Physical Therapist shall be one hundred four thousand dollars ($104,000.00) between 09/20/2021-10/31/2024, ***payable on bi-weekly basis***." [Mizrahi Decl. at ¶ 3] [Ex. A] [Professional Services Agreement] (emphasis added). [*Id.*]

[18] The Professional Services Agreement was entered into by and between the PLLC (*i.e.,* Wellington Physical Therapy and Acupuncture PLLC), as employer, and Plaintiff, as employee [*Id.*]

[19] No such "doing business as" named were used. [*Id.*]

[20] The Professional Services Agreement listed each of the PLLC's three (3) office addresses and telephone numbers. [*Id.*]

[21] *Id.*

(emphasis added). Section 193 "was intended to place the risk of loss for such things as damaged or spoiled merchandise on the employer rather than the employee." *Hudacs v. Frito-Lay, Inc*., 683 N.E.2d 322, 325 (N.Y. 1997) .

Plaintiff does not allege that Defendants made unlawful deductions from her wages. Instead, Plainitff contends that "[i]n September 2021" (*i.e.,* presumably before she started working) she was required to pay the cost of her H1-B Visa filings. [*Compl.* at ¶¶ 18, 50].  The H1-B Visa filings cannot be considered "wages". *See, e.g., In re Domino's Pizza Inc.*, 2018 WL 1587593 (S.D.N.Y. 2018) (distinguishing unlawful retention of gratuities, from unlawful deductions from wages).  Accordingly, Plaintiff's NYLL § 193 claim should be dismissed.

**VII.  Plaintiff's Claims Against the Individual Defendant Should be Dismissed Because She was Not Plaintiff's Employer**

Because the Complaint fails to allege sufficient facts that the Individual Defendant was Plaintiff's employer under the FLSA or the NYLL, the Individual Defendants should be dismissed from the action.

Individual liability under the FLSA and NYLL extends only to persons who are found to be a plaintiff's employer, *i.e.*, a "person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). This determination is "grounded in economic reality rather than technical concepts, determined by reference not to isolated factors, but rather upon the circumstances of the whole activity." *Barfield v. N.Y.C. Health & Hosps. Corp*., 537 F.3d 132, 141 (2d Cir. 2008) (internal quotations omitted). Courts in this Circuit consider a number of factors to determine individual liability, including whether the individual "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Carter, 735 F.2d at 12; *see also Lin v. Comprehensive Health Mgmt*., 2009 WL 976835,

at *2 (S.D.N.Y. 2009) (stating that the "same analysis" applies when evaluating alleged employer-employee relationships under the FLSA and NYLL). Courts also examine the scope of the individual's "operational control" over "employment-related factors such as workplace conditions and operations, personnel, or compensation" as well as the individual's "potential power" over employees. *Irizarry v. Catsimatidis*, 722 F.3d 99, 106-12 (2d Cir. 2013).

In the Complaint, Plaintiff fails to plead facts sufficient to state a claim of individual liability with respect to the Individual Defendant. Rather, Plaintiff merely states that the Individual Defendant "owns, in whole or part, [the PLLC, and]…has the authority to set payroll policies/practices, hire/fire employees, and set wages and other terms and conditions of employment." [*Compl.* at ¶ 9]. This falls far short of the necessary threshold under the Federal Rules and applicable case law necessary to hold the Individual Defendant liable because Plaintiff fails to provide any concrete factual assertions to support these conclusory allegations. *See, e.g., Weng v. HungryPanda U.S., Inc.*, 2022 WL 292799, at *6 (S.D.N.Y. 2022) ("Plaintiff's allegations related to the Individual Defendant's ability to hire employees and exercise other managerial powers are also unavailing because these allegations merely restate the *Carter* factors.") (collecting cases); *Huer Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580, 588 (S.D.N.Y. 2020) (rejecting as insufficient "identical allegations in the identical language as to all of the 12 individual defendants regardless of their role, where they worked, and whether they had ownership interest in [a corporate defendant] and, if so, which one"); *Vast v. Credico (USA) LLC*, 2016 WL 4147241, at *7 (S.D.N.Y. 2016) (dismissing FLSA claims against individual defendant where the complaint "d[id] not plead any facts that would permit the Court to infer that Young had 'operational control' over 'employment-related factors such as workplace conditions and operations, personnel, or compensation.'") (quoting *Irizarry*, 722 F.3d at 109). Moreover, the

Complaint does not allege any facts about the Individual Defendant with respect to Plaintiff's employment. *See Lin*, 2009 WL 976835, *2 ("The complaint does not allege any facts regarding the positions held by the Individual Defendants or their power to control plaintiffs' hours, wages, or other terms and conditions of employment.") (emphasis added); *see also Irizarry*, 722 F.3d at 109 ("Evidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status."). This alone is grounds to dismiss the Individual Defendant from the action. *Id*. Accordingly, Plaintiff's FLSA and NYLL claims against the Individual Defendants should be dismissed.

## <u>CONCLUSION</u>

For the reasons stated above, the Court should grant the Defendants' Motion to Dismiss, and dismiss the Complaint in its entirety.

Dated: New York, New York
       October 6, 2023

<div style="margin-left:40%">

Respectfully Submitted,

LEVIN EPSTEIN & ASSOCIATES, P.C.

*/s Jason Mizrahi*
Jason Mizrahi, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel No.: (212) 792-0048
*Attorneys for Defendants*

</div>