**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
**VINITA RATHOD,**

                                                                     Case No.: 1:23-cv-03276-JPO

             Plaintiff,

     v.

**WELLINGTON PHYSICAL THERAPY**
**AND ACUPUNCTURE PLLC AND**
**NIKKI YU**

             Defendants.
-------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW**
**IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

---

Dated: New York, New York
November 30, 2023

                                Respectfully submitted,

                                */s/Greg Mansell*
                                Greg R. Mansell
                                (*Greg@MansellLawLLC.com*)
                                **Mansell Law, LLC**
                                85 8th Ave., 6M
                                New York, NY 10011
                                Ph: (646) 921-8900
                                *Counsel for Plaintiff*

# <u>TABLE OF CONTENTS</u>

**INTRODUCTION**...................................................................................................... 1

**FACTUAL BACKGROUND** ................................................................................ 1-3

**LAW AND ARGUMENT**...................................................................................... 3-15

    **A.** *Motion to Dismiss: Fed. R. 12(b)(6) Standard* ............................................ 3-7

        **1.** *Defendants' Attachments to the Motion to Dismiss Are Improper and Irrelevant* ...... 4-5

    **B.** *Plaintiff has Sufficiently Plead Her Claims.* ...................................... 5-11

        **1.** *Plaintiff Meets the Second Circuit Pleading Standard for her Overtime Claim* ......... 5-7

        **2.** *Plaintiff is Not an Exempt Professional under the FLSA.* ........................................ 7-8

        **3.** *Plaintiff Concedes Her Claim for Minimum Wage under NYLL but Requests Leave to Add a Minimum Wage Claim under the FLSA*.............................................................. 8-9

        **4.** *The Professional Exemption Does Not Apply to Plaintiff's Claims under Article 6 of the New York Labor Law.* ......................................................................................... 9

        **5.** *Plaintiff has Sufficiently Plead Her Claim for Unlawful Deductions under N.Y.L.L. § 193*..................................................................................................................... 9-10

        6. *Plaintiff has sufficiently alleged facts that demonstrate Defendant Yu is Plaintiff's Employer under the FLSA and NYLL* ...................................................................... 10-11

    **C.** *Standing and WTPA Claims NYLL 195(1) and (3)* ............................... 11-15

        **1.** *Plaintiff has Article III Standing*............................................................ 12-14

        2. *Plaintiff has sufficiently plead a legal claim under NYLL 195(1)* .......................... 14-15

**CONCLUSION** ...................................................................................................... 15

# <u>TABLE OF AUTHORITIES</u>

## CASES

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)........................ *3*

*Barfield v. N.Y. City Health & Hosp. Corp.*, 537 F.3d 132, 141-42 (2d Cir. 2008) ..................... 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).......... 3

*Bueno v. Buzinover*, No. 22-cv-02216 (PAE) (KHP), 2023 U.S. Dist. LEXIS 38154, 2023 WL 2387113, at *3 (S.D.N.Y. Mar. 7, 2023) ........................................................................................ 6, 15

*Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 75 (2d Cir. 2022)................................................ 12

*Carter v. Dutchess Community College*, 735 F.2d 8 (2d Cir. 1984)...................................... 10-11

*Coleman-Edwards v. Simpson*, 330 Fed. App'x 218, 219 (2d Cir. 2009)....................................... 7

*Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991), *cert. denied*, 503 U.S. 960 (1992)..................................................................................................................................... *4*

*Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013) ......................................6-7, 8

*Gaskin v. Brooklyn Suya Corp.*, No. 22 CV 5648 (ENV)(LB), 2023 U.S. Dist. LEXIS 192893, *19 (E.D.N.Y. October 26, 2023).......................................................................................................... 14

*Gordon v. Gen. Prop. Mgmt. Assocs.*, Inc., 496 F. Supp. 3d 830, 839 (S.D.N.Y. 2020) ............. 10

*Herrera v. Comme Des Garcons, Ltd.*, 2023 U.S. App. LEXIS 27385, 2023 WL 6798604, at *4 (2d Cir. Oct. 16, 2023) ....................................................................................................................6-7

*Imbarrato v. Banta Mgmt. Servs.*, No. 18 Civ. 5422, 2020 U.S. Dist. LEXIS 49740, 2020 WL 1330744, at *9 (S.D.N.Y. Mar. 20, 2020) ............................................................................... 13, 14

*Inclan v. N.Y. Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 511 (S.D.N.Y. 2015)................................. 10

*John v. Whole Food Markets Grp., Inc.*, 858 F.3d 732, 736 (2d Cir. 2017) ................................ 12

*Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007)...................................... *4*

*Lipstein v. 20X Hosp. LLC.*, No. 22-CV-4812, 2023 WL 6124048, 2023 U.S. Dist. LEXIS 167615 at *24-25 (S.D.N.Y. September 19, 2023)..................................................................................... 13

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)..... 12

ii

*Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)................... 6-7

*Mateer v. Peloton Interactive, Inc.*, No. 22-CV-740, 2022 U.S. Dist. LEXIS 125017, 2022 WL 2751871, at *2 (S.D.N.Y. July 14, 2022) ........................................................................... 12-13

*Metcalf v. Transperfect Translations Int'l, Inc.*, No. 19-CV-10104, 2022 U.S. Dist. LEXIS 207511, 2022 WL 19300779, at *4 (S.D.N.Y. Nov. 15, 2022)................................................... 12

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013)................. 6

*Pachter v. Bernard Hodes Group, Inc.*, 10 N.Y.3d 609, 615-116, 891 N.E.2d 279, 861 N.Y.S.2d 246 (N.Y. 2008) ............................................................................................................. 9

*Spokeo, Inc. v. Robins*, 578 U. S. 330, 340-41, 136 S. Ct. 1540, 194 L. Ed. 2d 635, (2016)........ 12

*Stih v. Rockaway Farmers Market, Inc.*, No. 22-CV-3228, 2023 WL 2760492, 2023 U.S. Dist. LEXIS 58299 at *20 (E.D.N.Y. Apr. 3, 2023) ............................................................... 13

*Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000) ...................................................... 4

*Thompson v. Elev8 Ctr. N.Y., LLC*, 2023 WL 4556045, 2023 U.S. Dist. LEXIS 122504 *22 ...... 13

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203, 210 L. Ed. 2d 568 (2021)......................... 12

*Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 322 n.6 (2d Cir. 2021)..................................... 8

*Williams v. Epic Sec. Corp.*, 358 F. Supp. 3d 284, 305 (S.D.N.Y. 2019) .................................... 10

*Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 75-76 (2d Cir. 2003) ............................................ 11

## Statutes and Other Authorities

Fed. R. Civ. P. 12(b)(6)................................................................................................ 3
29 C.F.R. § 541.304(b) ............................................................................................... 8
29 C.F.R. § 541.2....................................................................................................... 7
29 C.F.R. § 541.600(e)............................................................................................... 8
29 U.S.C. §§ 201-219 ................................................................................................ 7
29 U.S.C. § 203(d) ................................................................................................... 10
NYLL Article 6, § 190(3) ......................................................................................... 10
NYLL Article 6, § 193 ................................................................................................ 9
NYLL Article 6, § 195 ..................................................................................... 9, 11, 14
NYLL Article 19, § 651 ...................................................................................... 8, 9, 10

## I.       INTRODUCTION

Defendants' Motion to Dismiss ignores the majority the allegations made in Plaintiff's Amended Complaint.   In addition, Defendants misstate or misunderstand the law and the regulations.  Plaintiff was a physical therapist, not a medical doctor.  Plaintiff was paid on an hourly basis, her pay was subject to deduction based on the quantity of work, she was not paid for hours worked over 40, she provides specific workweeks as examples of when she worked over 40 hours but was not paid for all hours over 40, and has sufficiently plead each of her claims, except as set forth in the following paragraph.   Defendants failed to provide Plaintiff, a non-resident, with accurate notice or wage statements to conceal their wage theft.  Even though they are now caught, Defendants try to make a last-ditch effort to dismiss the case before they have to give Plaintiff her time and payroll records.  Defendants' Motion must be denied.

Last, Plaintiff concedes that she is an exempt professional under NYLL because it does not require a salary basis test.  As such, Plaintiff dismisses her claim for minimum wage under NYLL (First Cause of Action) and requests leave to amend her Complaint to add a minimum wage claim under the Fair Labor Standards Act based on the same facts.

## II.      FACTUAL BACKGROUND

Defendant Wellington Physical Therapy and Acupuncture PLLC is owned, in whole or in part, by Defendant Nikki Yu.  [ECF Doc. No. 37; First Amended Complaint ("FAC") at ¶ 9] Defendant Yu has the authority to set payroll policies/practices, hire/fire employees, and set wages and other terms and conditions of employment. [*Id.*]  Defendant Yu hired Plaintiff Rathod. [*Id.* at 15].  During Plaintiff's employment, Defendant Yu supervised Plaintiff, set Plaintiff's wages, controlled the payroll including Plaintiff's rate and method of pay, controlled Plaintiff's work schedule and conditions, and maintained employment records related to Plaintiff. [*Id.*]  Defendant

Yu controlled all aspects of Plaintiff's employment, including all matters related to payroll and the intentionally withholding of Plaintiff's wage statements. [*Id.*]

Plaintiff was recruited by Defendant Yu to work at Defendants' facilities as a physical therapist. [*Id*. at ¶ 21]. Plaintiff was employed by Defendant between approximately September 21, 2021 and March 1, 2023. [*Id*. at ¶ 14]. Plaintiff was employed as a Physical Therapist at Defendants' facility. Plaintiff's job duties included providing physical therapy services to patients. [*Id*. at ¶ 17]. Plaintiff was not a medical doctor or physician. [*Id.*]

Plaintiff was paid on an hourly basis. [*Id*. at ¶ 18]. If Plaintiff did not work a full day or a full week, she was not paid a set amount. For example, for the pay date of February 8, 2022, Plaintiff only received net pay of $1,748.91 for the corresponding two week pay period. [*Id*. at ¶ 19]. During this pay period, Plaintiff's compensation was reduced because of a variation in the quantity of worked performed. [*Id.*] Similar reductions occurred on pay dates: December 8, 2021; January 5, 2022; January 20, 2022; May 27, 2022; July 20, 2022; September 14, 2022; and September 28, 2022. [*Id.*] Each pay period, Plaintiff's hourly rate and overtime rate would be changed by Defendants. [*Id*. at ¶ 24]. Plaintiff was not paid on a salary basis as her compensation was subject to reduction based on the quantity of work performed. [*Id*. at ¶ 20]. Plaintiff was paid an hourly rate and paid on hourly basis. [*Id.*]

Plaintiff was not shown the total hours she worked each week or the total hours she was paid each week. [*Id*. at ¶24] In order to conceal its pay violations, Defendants did not provide Plaintiff with full and complete paystubs with all required information. [*Id*. at ¶26] Instead, Plaintiff was provided a document that stated Plaintiff's gross pay and net pay. [*Id.*] The statement did not include the number of hours worked, the regular rate of pay or the overtime rate. [*Id.*]

Defendants intentionally tried to take advantage of Plaintiff as a non-resident that was unfamiliar with the laws of our country and state. [*Id*. at ¶21]

On or about February 19, 2023, Plaintiff informed Defendants that her employment was ending because she was moving to Atlanta, GA. [*Id*. at ¶27]  Plaintiff told Defendant Yu that she would stay as long as needed so Defendants could find a replacement. [*Id.*]   On March 2, 2023, Defendant Yu requested that Plaintiff provide a resignation letter with March 2, 2023 as her last date. [*Id*. at ¶28]  Defendant Yu provided Plaintiff a form letter to insert her name and sign.  [*Id.*] After Plaintiff was told to sign the resignation letter, Defendant Yu informed Plaintiff that she would not be paid for her work from February 12, 2023 through March 2, 2023 because there was a penalty in Plaintiff's employment contract. [*Id*. at ¶29]

To date, Defendants have ignored multiple requests for accurate time and detailed pay records. [*Id*. at ¶31]  Now, Defendants are attempting to use their legal violations to their advantage by seeking dismissal of Plaintiff's First Amended Complaint on the basis that Plaintiff cannot provide sufficient information.   [*Id.*]   Despite Plaintiff's bad faith attempt to withhold documentation to which Plaintiff is legally entitled, Plaintiff has provided more than sufficient allegations to survive Defendants' Motion to Dismiss.

## III.    LAW AND ARGUMENT

### A.    <u>Motion to Dismiss: Fed. R. 12(b)(6) Standard</u>

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim will have "facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

While evaluating a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the Complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen Inc*., 496 F.3d 229, 237 (2d Cir. 2007)  "Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000).

   1.   *Defendants' Attachments to the Motion to Dismiss Are Improper and Irrelevant.*

Defendants' improperly attach a document titled H1B Visa Petition and Employment Contract (ECF No. 41-1) and three purported "paystubs" for February and March 2023.  (ECF No. 41-2)  First, the documents were not incorporated into the Amended Complaint by reference nor does Plaintiff's Amended Complaint rely heavily, or at all, upon the documents. S*ee Cortec Indus., Inc. v. Sum Holding L.P*., 949 F.2d 42, 47 (2d Cir. 1991), *cert. denied*, 503 U.S. 960 (1992). Accordingly, these documents are not properly before this Court unless Defendants seek to convert their Motion to a Rule 56 Motion.

Notwithstanding the improper attachment, the documents do not assist Defendants' position in the determination before Court.  First, the H1B Visa Petition and Employment Contract states that Plaintiff will be paid an annual salary of $104,000 ($2,000 per week).  (ECF No. 41-1, Page 2 of 5).  The Amended Complaint alleges that Plaintiff was paid on an hourly basis, her pay was reduced based on the quantity of work available, and was not paid a set amount each week. [FAC at ¶¶ 18-20].  In addition, Plaintiff alleges that she was paid far less than $2,000 per week on the following pay dates: February 8, 2022, December 8, 2021; January 5, 2022; January 20,

4

2022; May 27, 2022; July 20, 2022; September 14, 2022; and September 28, 2022.[1]  [*Id.* at ¶ 19].

Tellingly, Defendants do not attach the paytstubs for any of the pay periods listed in the preceding

sentence.  At best, Defendants have created a disputed fact.  At this stage, before Plaintiff has the

chance to obtain her detailed timesheets and paystubs from Defendants, this dispute of fact does

nothing to support Defendants' Motion to Dismiss.

Next, the purported "paystubs" do even less.  Plaintiff alleges that she was not paid *at all*

for the work performed between February 12, 2023 through March 1, 2023. [*Id.* at ¶ 46].  The

electronic print-outs Defendants attach as "paystubs" do not even create a dispute of fact.  The

print-outs do not demonstrate that Plaintiff was actually paid the amount on the print-out or that

Plaintiff was paid at all. [ECF No. 41-2].  It is also telling that Defendants did not attach all

paystubs but attempted to select certain paystubs they believe benefit their position.  It is even

more telling that Defendants did not attach a corresponding bank statement showing the deposits

being made to Plaintiff's account on the three pay dates contained on the electronic print outs.  On

their own, the purported paystubs Defendants attach to their Motion to Dismiss do not demonstrate

payment to Plaintiff, or anything material.  The print outs are a red herring and should not be

considered by the Court.

      B.      **<u>Plaintiff has Sufficient Plead Her Claims</u>.**

      1.  *Plaintiff Meets the Second Circuit Pleading Standard for her Overtime Claim*

Defendants argue that Plaintiff has failed to meet the Second Circuit's pleading standard

articulated in *Lundy* and its progeny.  Defendants contend that Plaintiff only makes general

allegations of working more than 40 hours in a workweek.  Defendants' contention ignores the

numerous specific allegations in the Amended Complaint.

---

[1] Once Plaintiff obtains her payroll records in discovery, the number of specific pay dates will increase significantly.

The Second Circuit recently (October 2023) revisited and clarified the question: "What level of specificity must a complaint allege with respect to the number of hours an employee worked in order to state a claim for unpaid overtime under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219?" *Herrera v. Comme Des Garcons, Ltd*., 2023 U.S. App. LEXIS 27385, 2023 WL 6798604, at *4 (2d Cir. Oct. 16, 2023)  In *Herrera*, the Second Circuit reviewed its 2013 decisions in *Lundy*, *Nakahata*, and *Dejesus*[2].  The *Herrera* Court stated:

> The straightforward lesson we draw from these three decisions is that plaintiffs must plead FLSA overtime claims with "specificity." *Nakahata*, 723 F.3d at 200. To satisfy that standard, plaintiffs must sufficiently allege "40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114; *Dejesus*, 726 F.3d at 88. Nothing more is required.

*Herrera*, 2023 U.S. App. LEXIS 27385.

Here, Plaintiff's Amended Complaint explicitly provides the following allegations that directly meet and exceed the standard articulated by Lundy and its progeny:

- During the workweek ending March 26, 2022, Plaintiff worked more than 40 hours during that workweek but was not paid in full at a rate of one- and one-half times her regular rate of pay for all hours worked over 40 during that workweek. [FAC at ¶ 64]

- During the workweek ending March 19, 2022, Plaintiff worked more than 40 hours during that workweek but was not paid in full at a rate of one- and one-half times her regular rate of pay for all hours worked over 40 during that workweek. [FAC at ¶ 65]

- During the workweek ending March 19, 2022, Plaintiff worked more than 40 hours during that workweek but was not paid in full at a rate of one- and one-half times her regular rate of pay for all hours worked over 40 during that workweek. [FAC at ¶ 66]

- During the pay period with a corresponding pay date of June 23, 2022, Plaintiff worked more than 40 hours during a single workweek but was

---

[2] *Lundy v. Cath. Health Sys. of Long Island Inc*., 711 F.3d 106, 114 (2d Cir. 2013); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc*., 723 F.3d 192, 200 (2d Cir. 2013); and *Dejesus v. HF Mgmt. Servs*., LLC, 726 F.3d 85, 90 (2d Cir. 2013)

> not paid in full at a rate of one- and one-half times her regular rate of
> pay for all hours worked over 40 during that workweek.  [FAC at ¶ 67]

The foregoing allegations clearly set forth "40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *See Lundy*, 711 F.3d at 114; *Dejesus*, 726 F.3d at 88. Plaintiff's Amended Complaint satisfies the pleading standard set forth by the Second Circuit for overtime claims.

Additionally, Plaintiff would be able to provide additional specific weeks and pay periods which she was not paid for hours worked over forty (40) but Defendants never provided her detailed paystubs to conceal its violations.  [FAC at ¶ 68].  This is further demonstrated by Defendants' refusal to provide any detailed pay records in response to multiple requests by Plaintiff and counsel during and after her termination.  [FAC at ¶ 31].  The Defendants' conduct in this matter is precisely why the New York Legislature enacted the Wage Theft Prevention Act.  Yet, Defendants are attempting to use their failure to provide wage statements to dismiss Plaintiff's case.

2.    *Plaintiff is Not an Exempt Professional under the FLSA.*

Defendants argue that Plaintiff is exempt under the FLSA because Plaintiff's job duties satisfy the duties test of the professional exemption as physical therapist.  The "duties test," however, is just one part of the professional exemption under the FLSA.

In order to meet the criteria for the "professional" exemption, an employee must satisfy both a "salary basis test" and a "duties test." See 29 C.F.R. § 541.2; *Coleman-Edwards v. Simpson*, 330 Fed. App'x 218, 219 (2d Cir. 2009)  Each pay period, Plaintiff's hourly rate and overtime rate would be changed by Defendants.  [FAC at ¶ 24].  Plaintiff was not paid on a salary basis as her compensation was subject to reduction based on the quantity of work performed.  [*Id*. at ¶ 20].  Plaintiff provides several examples of her pay being reduced based on the quantity of work

performed.  [*Id.* at ¶ 19].  Plaintiff was paid an hourly rate and paid on hourly basis.  [*Id.* at ¶ 20].  These allegations are taken as true and would defeat an affirmative defense because Defendants cannot meet the salary basis test.

Next, Defendants argue that Plaintiff is exempt as a medical doctor under 29 C.F.R. § 541.304(b).  Plaintiff does not practice medicine. [FAC at ¶ 17].  She is a physical therapist.  [*Id.*].  In the case of medical occupations, the exception from the salary or fee requirement does not apply to pharmacists, nurses, **therapists**, technologists, sanitarians, dietitians, social workers, psychologists, psychometrists, or other professions which service the medical profession.  29 C.F.R. § 541.600(e) (emphasis added).   Defendants do not provide any authority or basis for making this frivolous argument.  No exception to the salary basis requirement applies to Plaintiff under the FLSA.

Last, an FLSA plaintiff need not allege any facts at the pleadings stage to support the position that she is a non-exempt employee under the statute because "a claim of exemption under the FLSA is an affirmative defense, on which the employer bears the burden of proof." *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 322 n.6 (2d Cir. 2021), quoting *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 91 n.7 (2d Cir. 2013).  Defendants' arguments here all fail.

3.    *Plaintiff Concedes Her Claim for Minimum Wage under NYLL but Requests Leave to Add a Minimum Wage Claim under the FLSA.*

Plaintiff concedes that she meets the duties test for the professional exemption and that NYLL § 651 does not require a salary test for professionals.  Plaintiff dismisses her minimum wage claim under NYLL.  However, Plaintiff requests leave to add the same minimum wage claim under the Fair Labor Standards Act.  Plaintiff was not paid any wages from February 12, 2023 through March 1, 2023.  Plaintiff is not exempt from the minimum wage provisions under the Fair

Labor Standards Act.  Defendant will not be prejudiced by this additional claim as discovery in this matter has not yet commenced.

      4.      *The Professional Exemption Does Not Apply to Plaintiff's Claims under Article 6 of the New York Labor Law.*

Defendants seem to argue that if Plaintiff is exempt from New York's minimum wage under Article 19, § 651, then she is also exempt under Plaintiff's Article 6 claims under §§ 193 and 195. Defendants provide no authority for this argument.  These Articles have separate definitions of employee.  Exempt individuals are employees for purposes of Labor Law article 6, except where expressly excluded. *Pachter v. Bernard Hodes Group, Inc*., 10 N.Y.3d 609, 615-116, 891 N.E.2d 279, 861 N.Y.S.2d 246 (N.Y. 2008).  Neither § 193 or § 195 exclude exempt professionals.  Plaintiff is an employee that is entitled to pursue her claims under Article 6, Sections 193 and 195.  The New York Department of Labor has also taken the position that § 195 applies to all employees. See      https://dol.ny.gov/system/files/documents/2021/03/wage-theft-prevention-act-frequently-asked-questions.pdf, last accessed November 30, 2023.

      5.      *Plaintiff has Sufficiently Plead Her Claim for Unlawful Deductions under NYLL § 193.*

Defendants argue that Plaintiff has failed to allege a proper claim under NYLL § 193 because the deductions alleged here are not proper.  Plaintiff alleges that Defendants deducted from her wages a "penalty" for leaving before the end of her employment term, fees related to her H1-B Visa, and deductions in hours and pay from her paychecks.  [FAC at § 57].  All of the alleged deductions occurred after September 2021. [FAC at §§ 14, 28-29].

On August 19, 2021, the New York legislature passed the No Wage Theft Loophole Act, which amended Section 193 of the NYLL to include the following provision: "There is no exception to liability under this section for the unauthorized failure to pay wages, benefits or wage

supplements." N.Y. Lab. Law § 193(5).  The wage deductions and withholdings alleged here fit squarely into the impermissible deductions and withholdings in § 193.

6.    *Plaintiff has sufficiently alleged facts that demonstrate Defendant Yu is Plaintiff's Employer under the FLSA and NYLL.*

Under the FLSA, an "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." § 203(d). The NYLL defines "employer" as "any person . . . employing any individual in any occupation, industry, trade, business or service" or "any individual . . . acting as employer." N.Y. Lab. L. § 190(3), 651(6). District courts [*15] in the Second Circuit have consistently interpreted the definition of "employer" under the NYLL coextensively with the definition under the FLSA. See, e.g., *Williams v. Epic Sec. Corp.*, 358 F. Supp. 3d 284, 305 (S.D.N.Y. 2019); see also *Inclan v. N.Y. Hosp. Grp., Inc*., 95 F. Supp. 3d 490, 511 (S.D.N.Y. 2015) (noting that the definitions of "employer" under the NYLL and the FLSA are coextensive)

The Second Circuit has interpreted "employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." *Barfield v. N.Y. City Health & Hosp. Corp*., 537 F.3d 132, 141-42 (2d Cir. 2008). Courts in the Second Circuit use two approaches to analyze whether an employment relationship exists. First, "[a]n employment relationship may arise as a result of formal control exercised over a worker." *Gordon v. Gen. Prop. Mgmt. Assocs.*, Inc., 496 F. Supp. 3d 830, 839 (S.D.N.Y. 2020).  In evaluating whether such formal control exists for purposes of the FLSA, the Second Circuit outlined a four-factor test in *Carter v. Dutchess Community College* to use as a framework. 735 F.2d 8 (2d Cir. 1984). Under this approach, a district court must assess "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained

employment records." *Id.* at 12 (citation omitted). Importantly, the Second Circuit has noted that these factors do not comprise a "rigid rule for the identification of an FLSA employer." *Barfield*, 537 F.3d at 143. Instead, these factors offer "'a nonexclusive and overlapping set of factors' to ensure that the economic realities test mandated by the Supreme Court is sufficiently comprehensive and flexible to give proper effect to the broad language of the FLSA." *Id.* (quoting *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 75-76 (2d Cir. 2003)).  Plaintiff clearly has alleged facts sufficient to survive a motion to dismiss.

Here, Plaintiff exceeds the pleading standard.  Plaintiff alleges that Defendant Yu hired Plaintiff. [FAC ¶ 15] During Plaintiff's employment, Defendant Yu supervised Plaintiff, set Plaintiff's wages, controlled the payroll including Plaintiff's rate and method of pay, controlled Plaintiff's work schedule and conditions, and maintained employment records related to Plaintiff. [*Id.*] Defendant Yu controlled all aspects of Plaintiff's employment, including all matters related to payroll and the intentionally withholding of Plaintiff's wage statements.  [*Id.*]

In addition, Defendant Yu determined the terms of employment and compensation including setting policies about timekeeping, work allocation, task supervision, monitoring work product, and payroll. [FAC ¶ 16] Yu also had the authority to hire, fire, discipline, and promote Plaintiff. [*Id.*]   In fact, it was Defendant Yu who ended Plaintiff's employment after Plaintiff provided notice that she would be moving in the future.  [*Id.*]

### C.      Standing and WTPA Claims NYLL 195(1) and (3)

Plaintiff alleges that Defendants violated the New York Wage Theft Protection Act ("WTPA") for failure to provide an accurate wage notice and accurate wage statements under NYLL §§ 195(1) and 195(3).  [FAC ¶¶ 50-54].  Defendants argue that these claims should be

dismissed because: (1) Plaintiff lacks standing to bring these claims; and, (2) Plaintiff was provided a Wage Notice in the form of the employment contract.

       1.    *Plaintiff has Article III Standing.*

At the motion to dismiss stage, the plaintiff "bears the burden of alleging facts that affirmatively and plausibly suggest" they have standing. *Calcano v. Swarovski N. Am. Ltd*., 36 F.4th 68, 75 (2d Cir. 2022) (citation omitted). Article III of the United States Constitution confines the judicial power of the federal courts to cases in which the plaintiff shows, inter alia, that she suffered a concrete injury in fact. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203, 210 L. Ed. 2d 568 (2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). The Second Circuit has described the injury-in-fact requirement as "a low threshold." *John v. Whole Food Markets Grp., Inc*., 858 F.3d 732, 736 (2d Cir. 2017). An "injury in law," however, does not amount to an "injury in fact" for purposes of Article III standing. *TransUnion*, 141 S. Ct. 2190 at 2205. Rather, a "concrete" harm is something with at least a "'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms." *Id*. at 2200 (quoting *Spokeo, Inc. v. Robins*, 578 U. S. 330, 340-41, (2016)).

Courts have held that a plaintiff has standing to bring wage statement and notice claims when the defendant's failure to provide the statutorily-required wage information is linked to the defendant denying plaintiff his or her lawful wage. *Metcalf v. Transperfect Translations Int'l, Inc*., No. 19-CV-10104, 2022 U.S. Dist. LEXIS 207511, 2022 WL 19300779, at *4 (S.D.N.Y. Nov. 15, 2022), report and recommendation adopted, 2023 WL 2674743 (S.D.N.Y. Mar. 29, 2023) (finding that "specific allegations that the inaccurate wage notices and wage statements resulted in . . . being underpaid for nearly nine months" showed standing); *Mateer v. Peloton Interactive, Inc*., No. 22-

CV-740, 2022 U.S. Dist. LEXIS 125017, 2022 WL 2751871, at *2 (S.D.N.Y. July 14, 2022) (allegation that defendant's statutory violation "resulted in the underpayment of wages" demonstrates "a concrete harm sufficient for purposes of Article III standing"); *Lipstein v. 20X Hosp. LLC*., No. 22-CV-4812, 2023 WL 6124048, 2023 U.S. Dist. LEXIS 167615 at *24-25 (S.D.N.Y. September 19, 2023) (allegation plaintiffs were injured in fact by Section 195(1) and 195(3) violations because plaintiffs were prevented from: (i) realizing their true hours worked; (ii) realizing they were underpaid; and (iii) taking appropriate action to obtain the payments due to them demonstrates injury in fact); *Imbarrato v. Banta Mgmt. Servs*., No. 18 Civ. 5422, 2020 U.S. Dist. LEXIS 49740, 2020 WL 1330744, at *9 (S.D.N.Y. Mar. 20, 2020) (rejecting standing challenge to WTPA claim, in part, because plaintiffs asserted a concrete and particularized injury arising from defendants' failure to provide them with wage notices and page stubs tied to deprivation of adequate wages); *Thompson v. Elev8 Ctr. N.Y., LLC*, 2023 WL 4556045, 2023 U.S. Dist. LEXIS 122504 *22 (same); *Stih v. Rockaway Farmers Market, Inc*., No. 22-CV-3228, 2023 WL 2760492, 2023 U.S. Dist. LEXIS 58299 at *20 (E.D.N.Y. Apr. 3, 2023) (rejecting standing challenge where failure to provide wage notice and statements caused plaintiff to fail to realize that defendants were deducting certain benefits from his wages, resulting in his underpayment).[3]

   In these cases, the statutory violation is not alleged to give rise solely to an informational injury, but rather is tied to the concrete monetary harm of underpayment. And as one court recently held, the denial of wage information also gives rise to the "distinct injury" that is the "[t]he delay in compensation that results when someone lacks the full information needed to advocate for appropriate wages. . . ." *Lipstein v. 20X Hospitality LLC*, No. 22-CV-4812, 2023 WL 6124048, at *10 (S.D.N.Y. Sept. 19, 2023).

---

[3] See also, *Bueno v. Buzinover*, No. 22-cv-02216 (PAE) (KHP), 2023 U.S. Dist. LEXIS 38154, 2023 WL 2387113, at *3 (S.D.N.Y. Mar. 7, 2023)

Most recently, the Eastern District of New York, in *Gaskin v. Brooklyn Suya Corp*., held standing existed where allegations were similar to the instant action. Case No. 22 CV 5648 (ENV)(LB), 2023 U.S. Dist. LEXIS 192893, *19 (E.D.N.Y. October 26, 2023).  The plaintiffs in *Gaskin* alleged that the defendant did not provide wage statements and notices to disguise the actual number of hours the Plaintiffs worked and to avoid paying at the minimum wage rate and an overtime wage. The Court held it is plausible that the defendant refused to provide wage statements and notices to make it more difficult for the plaintiffs to identify defendant's unlawful conduct and that this was sufficient to demonstrate standing. *Id.* at *20.  *Gaskin* is similar to this matter and Defendants are demonstrating that they are using their violations to make it more difficult  for Plaintiff to know all of the specific violations at this stage.

2.    *Plaintiff has sufficiently plead a legal claim under NYLL 195(1)*

Defendants contend that the H1B Visa Petition and Employment Contract (ECF No. 41-1) they attached to their Motion to Dismiss is a Wage Notice pursuant to NYLL 195(1).  Defendants believe this inaccurate wage notice satisfy their legal burden and, therefore, Plaintiff has no claim. Defendants are mistaken – an inaccurate wage notice does not satisfy their requirement under the law.

"[T]he WTPA was enacted to further protect an employee's concrete interest in being paid what he or she is owed under the NYLL." *Imbarrato v. Banta Mgmt. Servs. Inc*., No. 18 Civ. 5422 (NSR), 2020 U.S. Dist. LEXIS 49740, 2020 WL 1330744, at *8 (S.D.N.Y. Mar. 20, 2020). The written notices mandated under the WTPA serve "as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves." 2020 U.S. Dist. LEXIS 49740, [WL] at *9. Denying an employee such notices—as

alleged here—can impinge on an employee's interests not only in being paid what is owed, but also in being able to advocate for the receipt of proper pay.

Moreover, the Wage Notice and Wage Statements must be accurate.  See *Bueno v. Buzinover*, No. 22-CV-2216 (PAE)(KHP), 2023 U.S. Dist. LEXIS 38154, 2023 WL 2387113, at *3 (S.D.N.Y. Mar. 7, 2023).  Providing inaccurate notices – such as the notice Defendants contend was provided – would defeat the purpose of the Act.  *Id.*.

Assuming for arguments sake that the H1B Visa Petition and Employment Contract is properly considered, it is inaccurate.  Here, Plaintiff alleges that Defendants "failed to supply Plaintiff with an *accurate* Wage Notice and Wage Statement as required by NYLL, Article 6, § 195." [FAC at ¶52].  The H1B Visa Petition and Employment Contract states Plaintiff will be paid a salary of $104,000.  Plaintiff's Amended Complaint alleges that she was not paid a salary of $104,000 but was instead paid on an hourly basis.  [FAC at ¶¶18-20].  Therefore, Plaintiff was never provided an accurate Wage Notice.  As such, Plaintiff has sufficiently plead a legal claim for violating the § 193(1).

## III.   CONCLUSION

Defendants' Motion to Dismiss should be denied because Plaintiff has satisfied all pleading requirements.  Plaintiff dismisses her minimum wage claim under NYLL and respectfully requests leave to add a minimum wage claim under the Fair Labor Standards Act.

Dated: New York, New York
November 30, 2023

Respectfully submitted,


*/s/Greg Mansell*
Greg R. Mansell
(*Greg@MansellLawLLC.com*)
**Mansell Law, LLC**
85 8th Ave., 6M
New York, NY 10011
Ph: (646) 921-8900
*Counsel for Plaintiff*