UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
**VINITA RATHOD,**

        Plaintiff,

   v.

**WELLINGTON PHYSICAL THERAPY
AND ACUPUNCTURE PLLC,**

  **and**

**NIKKI YU**

        Defendants.
-------------------------------------------------------------X

Case No.: 1:23-cv-03276

Judge J. Paul Oetken

**SECOND AMENDED COMPLAINT**

**DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff Vinita Rathod ("Plaintiff") and proffers this Second Amended Complaint for damages against Defendants Wellington Physical Therapy and Acupuncture PLLC and Nikki Yu ("collectively referred to herein as Defendants").

## JURISDICTION AND VENUE

1. This action is brought by Plaintiff to redress violations of the Fair Labor Standards Act ("FLSA"), and New York Labor Law ("NYLL").

2. This Court has original federal question jurisdiction over this controversy pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343.

3. This Court has supplemental jurisdiction over this controversy under the New York Labor Law pursuant to 28 U.S.C. § 1367(a), as they are so related in this action within such original federal question jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this judicial District, and substantial parts of the acts and/or omissions giving rise to the claims herein alleged occurred in this judicial District.

5. Defendants have willfully engaged in violations of the FLSA and NYLL by: (a) failing to pay Plaintiff overtime compensation at one and one-half times her regular rate of pay for hours worked in excess of 40 hours in a work week, (b) failing to pay Plaintiff minimum wages, (c) making unlawful deductions, and (d) failing to provide Plaintiff with proper wage notices and wage statements.

## THE PARTIES

6. Plaintiff Vinita Rathod is an individual and, at all times relevant herein, a resident of New York, New York.

7. Plaintiff was an "employee" of Defendants as that term is defined by the FLSA and New York Labor Law.

8. Defendant Wellington Physical Therapy and Acupuncture PLLC is a domestic professional limited liability company with locations in New York County and Queens County. Plaintiff primarily worked at Defendants location in New York County.

9. Defendant Nikki Yu owns, in whole or part, Defendant Wellington Physical Therapy and Acupuncture PLLC. Defendant Yu has the authority to set payroll policies/practices, hire/fire employees, and set wages and other terms and conditions of employment.

10. Defendants conduct business as a medical facility providing physical therapy and acupuncture services to patients.

11. At all times relevant herein, Defendants have been Plaintiff's "employer" as that term is defined by the FLSA and NYLL.

12. Defendants have been engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendants have an annual dollar volume of sales or business of at least $500,000 during the time periods relevant herein.

13. At all times relevant herein, Defendants were fully aware of the fact that they were legally required to comply with the FLSA and NYLL.

## STATEMENT OF FACTS

14. Plaintiff was employed with Defendants between approximately September 21, 2021 and March 1, 2023.

15. Defendant Yu hired Plaintiff. During Plaintiff's employment, Defendant Yu supervised Plaintiff, set Plaintiff's wages, controlled the payroll including Plaintiff's rate and method of pay, controlled Plaintiff's work schedule and conditions, and maintained employment records related to Plaintiff. Defendant Yu controlled all aspects of Plaintiff's employment, including all matters related to payroll and the intentionally withholding of Plaintiff's wage statements.

16. Defendant Yu determined the terms of employment and compensation including setting policies about timekeeping, work allocation, task supervision, monitoring work product, and payroll. Yu also had the authority to hire, fire, discipline, and promote Plaintiff. In fact, it was Defendant Yu who ended Plaintiff's employment after Plaintiff provided notice that she would be moving in the future.

17. Plaintiff was employed as a Physical Therapist at Defendants' facility. Plaintiff's job duties included providing physical therapy services to patients. Plaintiff was not a medical doctor or physician.

18. Plaintiff was paid on an hourly basis. As such, Plaintiff is a non-exempt employee entitled to overtime.

19. If Plaintiff did not work a full day or a full week, she was not paid a set amount. For example, for the pay date of February 8, 2022, Plaintiff only received net pay of $1,748.91 for the corresponding two week pay period. During this pay period, Plaintiff's compensation was reduced because of a variation in the quantity of worked performed. Similar reductions occurred on pay dates: December 8, 2021; January 5, 2022; January 20, 2022; May 27, 2022; July 20, 2022; September 14, 2022; and September 28, 2022.

20. Plaintiff was not paid on a salary basis as her compensation was subject to reduction based on the quantity of work performed. Plaintiff was paid an hourly rate and paid on hourly basis.

21. Plaintiff was recruited by Defendant Yu to work at Defendants' facilities as a physical therapist.

22. Plaintiff is a non-resident. As such, Defendants were required to obtain an H1-B Visa for Plaintiff.

23. In September 2021, Plaintiff was required to pay Defendants the cost of her H1-B Visa filings, in violation of Federal Regulations.

24. Each pay period, Plaintiff's hourly rate and overtime rate would be changed by Defendants. Plaintiff was not paid for all hours worked, including overtime hours. Plaintiff was

not shown the total hours she worked each week by Defendants and these hours were concealed by Defendant Yu.

25. The hours that Plaintiff worked were not paid at a set hourly rate and hours over 40 were not paid a time and a half the regular rate of pay. Defendants would not include all hours on Plaintiff's paychecks.

26. Defendants concealed these actions by not giving Plaintiff full and complete paystubs with all required information. Instead, Plaintiff was provided a document that stated Plaintiff's gross pay and net pay. The statement did not include the number of hours worked, the regular rate of pay or the overtime rate.

27. On or about February 19, 2023, Plaintiff informed Defendants that her employment was ending because she was moving to Atlanta, GA. Plaintiff told Defendant Yu that she would stay as long as needed so Defendants could find a replacement.

28. On March 2, 2023, Defendant Yu requested that Plaintiff provide a resignation letter with March 2, 2023 as her last date. Defendant Yu provided Plaintiff a form letter to insert her name and sign.

29. After Plaintiff was told to sign the resignation letter, Defendant Yu informed Plaintiff that she would not be paid for her work from February 12, 2023 through March 2, 2023 because there was a penalty in Plaintiff's employment contract.

30. Defendants failed to provide Plaintiff with Wage Statements for each pay period that included her dates of work covered by the payment of wages; Plaintiff's name; Defendants' name; Defendants' address and phone number; Plaintiff's rate or rates of pay and basis thereof; whether Plaintiff was paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions, allowances, if any, claimed as part of the minimum wage; and net wages.

31. Plaintiff, through her counsel, sent Defendants a letter dated March 15, 2023 that demanded Defendants "provide accurate information showing the number of hours worked by Ms. Rathod for each day of her employment, the hourly rate she was paid each pay period, and the calculations performed to determine her pay." To date, Defendants have refused to provide any of the requested information in an effort to conceal the legal violations and attempt to use the civil rules to dismiss Plaintiff's case while Defendants refuse to share the records that demonstrate their clear legal violations.

32. At all times relevant herein, Plaintiff often worked more than 40 hours per workweek.

33. Plaintiff did not receive overtime payment at a rate of one-and-one half times her regular rate of pay for all hours worked over 40 in a workweek.

34. Defendants also failed to pay Plaintiff the applicable minimum and/or agreed upon wage for each hour she worked.

## **KNOWING AND INTENTIONAL ACTS**

35. All of the preceding paragraphs are realleged as if fully rewritten herein.

36. Defendants have knowingly, intentionally and willfully committed the acts alleged herein.

37. Defendants have not acted in good faith.

38. Defendants have known that the nonpayment of minimum wage, overtime pay, and other wages would financially injure Plaintiff.

39. Defendants did not provide Plaintiff at the time of hire or thereafter with a written statement of her regular hourly pay rate, or overtime hourly pay rate, and her regular payday.

40. Defendants did not provide Plaintiff with full and accurate wage statements when wages were paid to conceal Defendants' wrongdoing.

41. Defendants have failed to maintain contemporaneous, true and accurate payroll and time records.

### FIRST CAUSE OF ACTION
### FLSA 29 U.S.C. §201, *et seq.*
### Failure to Pay Minimum Wage

42. All of the preceding paragraphs are realleged as if fully rewritten herein.

43. The Fair Labor Standards Act and accompanying Regulations require that employers pay employees a minimum wage for each hour worked.

44. Defendants were required to pay Plaintiff a minimum hourly wage of at least $15.00 per hour.

45. From February 12, 2023 through March 1, 2023, Plaintiff worked a total of at least 12.5 days.

46. Defendants did not pay Plaintiff any wages for the work performed between February 12, 2023 through March 1, 2023.

47. As a result, Defendants failed to pay Plaintiff the required minimum wage for all hours worked.

48. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continue to suffer damages and is entitled to recover unpaid wages, liquidated damages, interest, attorneys' fees and costs, and all other remedies available under the FLSA.

### SECOND CAUSE OF ACTION
### N.Y. Lab. Law, Art. 6, § 195(1) and (3)
### N.Y. Comp. Codes R. & Regs. Title 12, § 146-2.2
### Wage Theft Prevention Act

49. All of the preceding paragraphs are realleged as if fully rewritten herein.

50. NYLL requires that employers provide employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer. NYLL Art. 6 § 195(1).

51. NYLL also requires that employers furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked. NYLL Art. 6 § 195(3)

52. Defendants have willfully failed to supply Plaintiff with an accurate Wage Notice and Wage Statement as required by NYLL, Article 6, § 195.

53. Plaintiff has been harmed by this willful failure to provide wage statements and notices because it concealed Defendants' improper conduct and delayed Plaintiff's realization that Defendants were stealing wages from her.

54. As a result of these violations, Plaintiff is entitled to fifty dollars for each day that Defendants failed to provide a Wage Notice (with a cap of five thousand dollars) and two hundred fifty dollars for each day that Defendants failed to provide Wage Statements (with a cap of five thousand dollars) in violation of NYLL §§ 195 plus all other relief available under NYLL §§ 195.

### THIRD CAUSE OF ACTION
**Unlawful Deductions**

55. All of the preceding paragraphs are realleged as if fully rewritten herein.

56. Pursuant to NYLL § 193, "No employer shall make any deduction from the wages of an employee," that is not otherwise authorized by law or by the employee.

57. Plaintiff Rathod was subject to unlawful deductions in wages as a result of an unlawful penalty, unlawful payment of H1-B Visa fees, unauthorized changes in hours and/or rates of pay, and other unlawful means.

58. These deductions from Plaintiff's wages were not in accordance with the provision of the law or any rule or regulation; were not expressly authorized in writing by Plaintiff; and were not made for her benefit.

59. Through these practices, Defendants have willfully made unlawful deductions from Plaintiff's pay in violation of NYLL, § 193.

60. Due to Defendants' willful violation of NYLL, Article 6, § 193, Plaintiff is entitled to recover her improperly deducted wages, liquidated damages, interest, and reasonable attorney's fees and costs, pursuant to NYLL § 198(1-a).

### FOURTH CAUSE OF ACTION
**FLSA 29 U.S.C. §201, *et seq.* – Failure to Pay Overtime Wages**

61. All of the preceding paragraphs are realleged as if fully rewritten herein.

62. Plaintiff often worked more than 40 hours in a single workweek.

63. Plaintiff was not paid the correct overtime premium for all hours worked in excess of 40 in a workweek at her regular rate of pay.

64. For example, during the workweek ending March 26, 2022, Plaintiff worked more than 40 hours during that workweek but was not paid in full at a rate of one- and one-half times her regular rate of pay for all hours worked over 40 during that workweek.

65. During the workweek ending March 19, 2022, Plaintiff worked more than 40 hours during that workweek but was not paid in full at a rate of one- and one-half times her regular rate of pay for all hours worked over 40 during that workweek.

66. During the workweek ending March 19, 2022, Plaintiff worked more than 40 hours during that workweek but was not paid in full at a rate of one- and one-half times her regular rate of pay for all hours worked over 40 during that workweek.

67. During the pay period with a corresponding pay date of June 23, 2022, Plaintiff worked more than 40 hours during a single workweek but was not paid in full at a rate of one- and one-half times her regular rate of pay for all hours worked over 40 during that workweek.

68. Plaintiff worked in excess of forty hours for multiple weeks without overtime pay but is unable provide a week-by-week recounting of the hours she worked because Defendants concealed information showing Plaintiff's hours worked.

69. Defendant would also arbitrarily adjust Plaintiff's regular rate and overtime rate.

70. Defendants' refusal to properly compensate Plaintiff for her overtime work, as required by the FLSA, was willful. This is demonstrated by Defendants failure to provide accurate wage statements during her employment and Defendants continued refusal to provide any documentation showing the number of hours Plaintiff worked.

71. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages and is entitled to recover unpaid wages, liquidated damages, interest, attorneys' fees and costs, and all other remedies available under the FLSA.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues triable as of right by a jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff is entitled to and prays for the following relief:

A. A jury trial on these issues to determine liability and damages.

B. A declaratory judgment that Defendants' practices complained of herein are unlawful and in violation of the FLSA, New York Labor Law; the New York Wage Theft Prevention Act; and any other applicable statute or regulation;

C. An injunction against Defendants and any of their representatives from engaging in each of the unlawful practices, policies and patterns described in the causes of action set forth in this Complaint;

D. A judgment for Plaintiff and against Defendants jointly and severally for compensation for unpaid minimum wages, overtime wages, and other lost wages due to Plaintiff under the FLSA and New York Labor Law, and, as liquidated damages, an additional amount equal to 100% of the total monies due to Plaintiff;

E. A judgment for Plaintiff and against Defendants jointly and severally for fifty dollars for each day that Defendants failed to provide a Wage Notice (with a cap of five thousand dollars) and two hundred fifty dollars for each day that Defendants failed to provide Wage Statements (with a cap of five thousand dollars) in violation of NYLL §§ 195

F.  An award of prejudgment and post judgment interest;

G.  A judgment for Plaintiffs against Defendants jointly and severally for attorney's fees and;

H.  Such other legal and equitable relief as this Court deems appropriate.

Dated: New York, New York
June 13, 2024

                Respectfully submitted,

                <u>/s/Greg Mansell</u>
                Greg R. Mansell
                (*Greg@MansellLawLLC.com*)
                Carrie J. Elrod
                (*Carrie@MansellLawLLC.com*)
                **Mansell Law, LLC**
                85 8th Ave., 6M
                New York, NY 10011
                Ph: (646) 921-8900
                *Counsel for Plaintiff*