## **SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release ("Agreement") is entered into by and between Vinita Rathod ("Rathod") on the one hand, and Wellington Physical Therapy and Acupuncture PLLC, and Nikki Yu ("Wellington" or "Defendants"), on the other hand (collectively, the "Parties").

**WHEREAS**, Rathod is a former employee of Wellington; and

**WHEREAS**, Rathod has instituted an action against Wellington in the Southern District of New York, captioned <u>Vinita Rathod v. Wellington Physical Therapy and Acupuncture PLLC et al.</u>, 1:23-cv-03276 (the "Action"), arising out of Rathod's employment with Wellington; and

**WHEREAS**, a bona fide dispute exists among the Parties regarding wages paid to Rathod during her employment with Wellington; and

**WHEREAS**, Defendants deny Rathod's allegations; and

**WHEREAS**, the terms of this Agreement are the product of mutual negotiation and compromise between the Parties; and

**WHEREAS**, the meaning, effect and terms of this Agreement have been fully explained to Rathod who has had the advice of counsel of his own choosing and who understands this Agreement; and

**NOW, THEREFORE**, Rathod and Defendants, for the full and sufficient consideration set forth below, and for other good and valuable consideration and the mutual promises and covenants contained herein, the receipt and sufficiency of which the Parties acknowledge, the Parties do hereby agree as follows:

**1.** **Consideration.** Within thirty (30) days of Court approval of the Settlement Agreement, Defendants agrees to pay the total lump sum of **$37,500.00** (the "Settlement Payment") as follows:

a. Defendants will deliver to Rathod's Attorney a check made payable to "Vinita Rathod" in the gross amount of **$10,716.30** from which required FICA, income tax, and other required withholding applicable to wages have been withheld, and for which an IRS Form W-2 will be issued to Rathod;

b. Defendants will deliver to Rathod's Attorney a check made payable to "Vinita Rathod" in the gross amount of **$10,716.30** for which an IRS Form 1099-MISC (Box 3) will be issued to Rathod;

c. Defendants will deliver to Rathod's Attorney a check made payable to "Mansell Law, LLC" in the amount of **$15,567.40** for attorneys' fees and costs, which sum shall be reportable on an IRS Form 1099-MISC (Box 10) issued to Rathod's Attorneys;

    d. The payments shall be sent by FedEx to the office of Rathod's counsel Greg Mansell, Esq. located at 1457 S High St, Columbus, OH 43207.

    **2.**    **Tax Consequences.** Defendants make no representations regarding the federal, state or local tax consequences of the Settlement Payment and shall not be responsible for any tax liability, interest or penalty incurred by Rathod which in any way arises out of or is related to the Settlement Payment. In the event the Internal Revenue Service, or any other state or local taxing entity, or any court or other tribunal of competent jurisdiction, determines that all or part of the Settlement Payment is remuneration for which any taxes are due and owing by Rathod, Rathod shall be solely responsible for the payment of such taxes. Rathod agrees not to make a claim against Defendants for the payment of any such taxes, or for any related interest or penalties. Rathod also agrees to indemnify and hold Defendants harmless for any amounts paid, including, but not limited to, interest and penalties, in connection with any taxes that they may owe based on the Settlement Payment.

    **3.**    **Acknowledgement of Hours and Payment.** Rathod acknowledges and agrees that he has received sufficient consideration as set forth in this Agreement. Rathod further acknowledges that upon Defendants' payment of the Settlement Payment that he has been paid in full and is not entitled to additional compensation or benefits for the released claims. Rathod believes that this settlement is fair and reasonable, and authorize his attorney to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Action with prejudice. Rathod further acknowledges that the attorneys' fees and costs allocated in this Agreement are fair and reasonable. Counsel for Rathod shall provide counsel for Defendants with a Stipulation of Dismissal signed by Rathod's counsel, which will be held in escrow and filed with the Court once full and complete payment is received by Rathod and Rathod's counsel and cleared.

    **4.**    **Release of Claims.** Except as provided in Paragraph 6, in exchange for the promises contained in this Agreement and to the extent permitted by law, Rathod hereby waives, releases and forever discharges, and agrees that Rathod will not in any manner institute, prosecute or pursue, any and all complaints, claims, lawsuits, claims for relief, demands, suits, arbitrations, actions or causes of action, whether in law or in equity, which Rathod assert or could assert, under the Fair Labor Standards Act (29 U.S.C. §201 *et. seq.*), the New York State Labor Law (N.Y. Lab. Law §190 *et seq.*), the Wage Theft Prevention Act (N.Y. Lab. Law § 195 *et. seq.*) New York Codes, Rules and Regulations (12 N.Y.C.R.R. § 141 *et seq.*), all federal, state or city laws concerning wage notification, payment of wages and/or unpaid compensation (including, without limitation, minimum wage, overtime, unpaid spread-of-hours and split-shift pay, bonuses, expense reimbursement, frequency of payment, accrued benefit time, and late payment), including any related or associated interest, liquidated damages, attorneys' fees, costs and statutory penalties, which arose prior to the date Rathod signs this Agreement (collectively "Released Claims") against Wellington, its current or

former affiliates, subsidiaries, parents, divisions, branches, units, successors, predecessors, and assigns, and any of its or their current or former owners, officials, directors, officers, shareholders, agents, employee benefit plans, plan administrators, representatives, servants, employees, former employees, insurers, and attorneys, (collectively, the "Defendant Releasees").

5. **Covenant Not to Sue.** Rathod covenants and promises that he will not hereafter file or cause to be filed on his behalf any charge, claims, legal or administrative action of any nature before any court or administrative agency to assert any Released Claims against the Defendant Releasees except as may be necessary to enforce this Agreement or as otherwise provided in Paragraph 6. Further, Rathod specifically agrees that, by this Agreement, he waives any right to recover any relief or recovery as to any Released Claims from such proceedings, including but not limited to costs and attorney's fees.

6. **Claims Not Waived.** Notwithstanding the preceding provision or any other provision of the Agreement, this Agreement is not intended to interfere with Rathod's right to file a charge with or cooperate in an investigation by an administrative agency, including but not limited to, the Equal Employment Opportunity Commission ("EEOC"), the National Labor Relations Board, ("NLRB") or any state or local fair employment practices agency or other government enforcement agency, in connection with any claim Rathod may have against any of the Defendant Releasees. However, by executing this Agreement, Rathod hereby waives the right to recover, and agrees not to seek any damages, remedies or other relief for himself personally in any proceeding Rathod may bring before such agency or in any proceeding brought by such agency on Rathod's behalf with respect to any Released Claims.

This Agreement is also not intended to apply to claims under ERISA Section 502(a)(1)(B) for accrued benefits (other than claims for severance and severance-related benefits) under any qualified benefit plan of Wellington or any of the Defendant Releasees pursuant to the terms of any such plan. Further, Rathod understands that Rathod is not releasing any rights under this Agreement which cannot be lawfully waived. This Agreement also does not release any rights or claims that may arise after the date on which Plaintiff signs this Agreement.

Finally, this Agreement is not intended to interfere with the right of either party to institute an action to enforce any provision of this Agreement. The prevailing party in an action to enforce the terms of this agreement shall be entitled to all remedies available at law.

7. **Representations by Rathod.** Rathod represents and warrants that he is not aware of any liens, claims, or encumbrances asserted that have been or may be asserted by any third party against Defendant Releasees arising out of Rathod's claims relating in any way to his compensation from Wellington. Rathod understands and agree that these representations are material to Wellington entering into this Agreement.

8. **Other Existing Claims.** In the event that apart from the Action, any claim, charge, complaint or action of any type by Rathod against the Defendant Releasees exists in any forum or

form with respect to any matters covered by this Agreement, Rathod agrees that he shall not be entitled to recover any relief or recovery therefrom, including but not limited to costs and attorneys' fees, and that the Defendant Releasees may be entitled to restitution, set-off or recoupment of all of the payments made pursuant to this Agreement.

      9.    **Effect of Violation.**  Except to the extent such agreement is prohibited by applicable law or regulation or as described in Paragraph 6 in the event that Rathod brings a lawsuit, charge or legal action of any kind for any claims released by this Agreement, Defendants can use this agreement to dismiss any subsequent lawsuit, charge or legal action of any kind for the claims released herein.

      10.    **No Admission of Liability.**  Rathod specifically understands and agrees that by entering into this Agreement, Defendants does not admit any liability whatsoever to them or to any other person arising out of the allegations heretofore or hereafter asserted by them, and Defendants expressly deny any and all such liability.

      11.    **Non-Defamation.**  Rathod agrees not to intentionally and knowingly defame Defendants. Similarly, Defendants agrees that Nikki Yu will not knowingly and intentionally defame Rathod. Nothing herein shall prohibit anyone from making truthful statements or any statements protected by law, including under the FLSA and NYLL.

Nothing in this section shall prohibit Rathod from testifying truthfully in any court proceeding or under any order issued by a court of law or as provided in Paragraph 6. The parties covered by this non-defamation provision further agree that they will notify the others if they receive a subpoena to testify or give information of any type in an administrative or court proceeding involving any of the parties subject to this non-defamation provision.

      12.    **Governing Law and Interpretation.**  This Agreement shall be governed by and construed under the laws of the State of New York without regard to principles of conflicts of laws.

      13.    **Choice of Forum.**  Any action relating to the enforcement or interpretation of this Agreement shall be commenced in the United States District Court for the Southern District of New York.

      14.    **Attorneys' Fees and Costs.**  Rathod and Defendants agree that each party is responsible for their own attorneys' fees and costs incurred in connection with the preparation, negotiation and/or execution of this Agreement, except as provided herein.

      15.    **Voluntary and Knowing Execution.**  Rathod affirms and acknowledge that he has read the foregoing Agreement, that he has been advised to discuss it with the counsel of his choice, and that he fully understands and appreciates the meaning of each of its terms, and that it is a voluntary, full and final compromise, release and settlement, to the fullest extent permitted by law, of the Released Claims.

16. **Amendment.**  This Agreement may not be modified, altered or changed except upon express written consent of all Parties wherein specific reference is made to this Agreement.

17. **Entire Agreement.**  This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Rathod acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement.

18. **Waiver.**  A waiver by either party of a breach of any provision of this Agreement by the other party shall not operate or be construed as a waiver or estoppel of any subsequent breach by the party.  No waiver shall be valid unless in writing and signed by Rathod and an authorized officer of Wellington.

19. **Successors and Assigns.**  This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective successors and assigns.

20. **Paragraph Headings.**  The paragraph headings contained in this Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Agreement.

21. **Counterparts and Facsimile Copies.**  The Parties may execute this Agreement on separate counterparts, all of which taken together shall constitute the Agreement. Facsimile or scanned PDF copies of this Agreement shall be deemed the same as originals.

22. **Joint Drafting.**  Each of the Parties participated in drafting this Agreement after consulting with counsel.  Therefore, the language of this Agreement shall not be presumptively construed in favor of or against either party.

23. **Authority of Signatories.**  The individuals signing this Agreement and the parties on whose behalf such individuals are signing hereby represent and warrant that they are empowered and authorized to sign on behalf of and bind the parties for whom they have signed.

24. **Notices.**  All notices, demands and other communications which may be or are required to be given hereunder or with respect hereto shall be in writing and shall be given personally or by facsimile with confirmation of receipt of transmission or by registered or certified mail, return receipt requested, postage pre-paid or by recognized national overnight courier, addressed to the party who is to receive same as follows, or to such address as any party shall notify the other parties by notice given in accordance with this provision.

If to Rathod:

Mansell Law LLC
85 8th Ave, 6M
New York, NY 10011
Attention: Greg R. Mansell, Esq.

<u>If to Defendants:</u>

Jason Mizrahi, Esq.
Levin-Epstein & Associates, P.C.
420 Lexington Avenue, Suite 2458
New York, NY 10170

\*\* Remainder of page intentionally left blank \*\*

**IN WITNESS WHEREOF,** the Parties have caused this Agreement to be executed on the date indicated below their respective signatures.

BY SIGNING THIS AGREEMENT, THE UNDERSIGNED ACKNOWLEDGES THE FOLLOWING:

1. I HAVE BEEN ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTING THIS AGREEMENT TO ENSURE THAT I FULLY AND THOROUGHLY UNDERSTAND ITS LEGAL SIGNIFICANCE;
2. I HAVE TAKEN THE TIME NECESSARY TO REVIEW COMPLETELY AND FULLY UNDERSTAND THIS AGREEMENT;
3. I FULLY UNDERSTAND THIS AGREEMENT, ACCEPT IT, AND AGREE TO IT, AND AGREE THAT IT IS FULLY BINDING UPON ME; AND
4. I HAVE ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO HAVE PROCORE PAY ME THE CONSIDERATION REFERRED TO IN THE AGREEMENT, I FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE THE RELEASED CLAIMS, EXCEPT AS PROVIDED IN PARAGRAPH 6.

**PLAINTIFF**:

Vinita Rathod (May 15, 2025 23:21 GMT+5.5)          May 15, 2025

Vinita Rathod                                       Date

**DEFENDANTS**:

<u>On behalf of Wellington Physical Therapy and Acupuncture PLLC</u>:

Print Name

Title

Signature                                           Date

Nikki Yu, Individually                              Date